CULLIGAN, *Plaintiff in Error* v. STUDEBAKER.

**Pleading**: SPECIAL TAX-BILL: MUNICIPAL OFFICERS. When the charter and ordinances of a city confer upon certain officers the power of awarding contracts for public works, an allegation, in a petition on a special tax-bill, that the contract for street improvement, under which it was issued was "duly awarded" by these officers is sufficient. Section 42, p. 1020, Wag. Stat., dispenses with the necessity of stating the facts which authorized them to make the award.

*Error to Buchanan Circuit Court.*—HON. JOSEPH P. GRUBB, Judge

*B. R. Vineyard* and *W. H. Sherman* for plaintiff in error, insisted that the petition set forth all the facts necessary to show a good cause of action. *St. Louis v. Hardy,* 35 Mo. 261 ; *St. Louis v. Coons,* 37 Mo. 48 ; *St. Louis v.*

*Armstrong,* 38 Mo. 29; *Kiley v. Forsee,* 57 Mo. 390; *Neenan v. Smith,* 60 Mo. 292.

*H. K. White* for defendant in error, cited 1 Chitty on Plead. p. 236; *Chaffe v. Memphis R. R. Co.* 64 Mo. 193.

SHERWOOD, C. J.—Our statute respecting practice in civil cases, among other things, provides: "In pleading a judgment, or other determination of a court or officer of special jurisdiction, it shall not be necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made" (§ 42, W. S. p. 1020). The petition sought recovery on a special tax bill, and after setting out the ordinance respecting public works, and the length of time necessary for it to be advertised, and the ordinance requiring the work to be done, and after setting forth also an ordinance requiring the city engineer to advertise for sealed proposals for the work "in accordance with the provisions of ordinances now in force," states: That afterwards, and in pursuance of the charter and said ordinance of said city, the city engineer of said city, together with the mayor and city council of said city, did, on the 27th day of August, 1866, duly award to one Florence Kiley, the contract to do the macadamizing, curbing and guttering of said Eighth street, from said Olive street to said Francis street, at twelve ($12) dollars per square, &c., &c. Then follows the usual averments. It seems to us that the allegations of the petition were sufficient under the statutory provisions above quoted. The determination as to whether the contract should be awarded to Kiley, rested with the city engineer, mayor and city council, under the ordinances and charter; these officers had thus conferred on them, under certain circumstances, a special authority or jurisdiction to make the award, and according to the statute, the facts conferring jurisdiction need not to be stated; it was sufficient to say that the determination, to wit, the awarding of

the contract, was "duly given or made." This was, in substance, stated in the extract we have made from the petition. The court refused to allow plaintiff to intro-- duce any evidence in support of the allegations of his peti- tion, evidently thinking it failed to state a cause of action. This view we regard as erroneous, and, so regarding it, we reverse the judgment and remand the cause. All concur.

REVERSED.