## CHARLESTON.

HARRIS *v.* ORR *et al.*

Submitted September 11, 1896—Decided December 12, 1896.

EXECUTORS AND ADMINISTRATORS—EQUITY PLEADING—DEMURRER.
 A bill in equity, filed by the widow of a deceased party against
 the administrator of the estate of her deceased husband, charg-
 ing a failure on the part of said administrator to collect and ac-
 count for the assets of his intestate, and to pay over to her the
 portion of the personalty of her deceased husband to which she
 is entitled as his widow, which does not show when said admin-
 istrator qualified and gave bond for the performance of his duties,
 or that a year had elapsed from the time of such qualification of
 such administrator, is demurrable, and can not be sustained.

JOHN BASSEL for appellant, cited 2 Woerner, Am. Law
of Adm. §§ 324, 336; 7 Am. & Eng. Enc. Law, 347, notes.

W. S. STUART for appellee cited Code, c. 130, s. 23; 25
W. Va. 580, 581; 27 W. Va. 451; 33 W. Va. 197, 209, 675,
679; 20 W. Va. 282, 330, 331, 322, 332, 337, 325; 22 W. Va.
581, 583, 585; 3 Munf. 198, 288; 14 Gratt. 269, 282, 284; 5
Munf. 223; 23 Gratt. 100, 675; 6 W. Va. 417, 418; Code, c.
87, s. 5; 38 W. Va. 670; 20 Gratt. 75; 5 W. Va. 416; 4 W.
Va. 658; 36 W. Va. 556.

ENGLISH, JUDGE:

This was a suit in equity brought by Jennie Harris
against A. B. Harris, Anna Harris, John P. Orr, adminis-
trator of the estate of W. H. Harris, deceased, Mary D.
Riggs and W. M. Riggs, her husband, Sarah Haskins and
G. W. Haskins, her husband, A. E. Nutter and Scott Nut-
ter, her husband, W. B. Harris, Sarah Rader, Roberta Cut-

lip, Mary Boone, and Minnie Harris, heirs at law of Ward H. Harris, deceased, in the circuit court of Doddridge county.

The claims of the plaintiff are set forth in her bill, which reads as follows:

"Complainant complains and says that she is the lawful widow of W. H. Harris, deceased; that her maiden name was———and that on the———day of———18—she and the said Harris were married, as will appear from a certi·fied copy of the record of their marriage herewith filed as Exhibit M, as part of this bill; that on the———day of——— 18—the said W. H. Harris departed this life intestate, leaving, surviving him, the said A. B. Harris, Mary D. Riggs (who had intermarried with the said W. M. Riggs) Sarah Haskins (who had intermarried with the said G. W. Haskins) A. E. Nutter (who had intermarried with the said Scott Nutter) and W. B. Harris, his 'onley' children, and the said Sarah Rader, Roberta Cutlip, Mary Boone, and Minnie Harris, his grandchildren, and being his 'onley' heirs at law.  Complainant further says and charges that the said W. H. Harris, at the time of his death, was possessed of considerable personal estate of the value of, to wit, $2,000.00, consisting of money, bonds, and notes, and other property. Complainant further says that her husband, W. H. Harris, a short time before his death, went to the residence of his son, A. B. Harris, where he soon afterwards died, in the county of Doddridge, and that at the time of his death he had on his person about $600 in gold and $140 in currency, and was the holder and owner of many notes, bonds, and accounts against divers persons, which gold and currency was taken from the person of the said W. H. Harris, soon after his death, by A. J. Frum, a friend who happened to be present, who handed the same over to the said A. B. Harris and Anna Harris, his wife, who took possession and control of the same, as well as all of the said notes and bonds held by him as aforesaid.  Complainant further says and charges that the said W. H. Harris, deceased, at the time of his death, held the notes or bonds of the said A. B. Harris and W. B. Harris for a large sum of money, a part of which was executed by them to the said W. H. Harris for a cer-

tain lot in the town of Salem, and that the said A. B. Harris and W. B. Harris were largely indebted to the said W. H. Harris at the time of his death for borrowed money and said lot; that Clay Nutter and Scott Nutter were indebted to the said W. H. Harris at the time of his death in the sum of about $100, as your complainant is informed; that the said John P. Orr was indebted to him in the sum of about $100; that G. W. Powell was indebted to him in about the sum of $100, and John M. Gribble in about the sum of $1,000, which was paid to the said Harris just before his death, or to the said A. B. and W. B. Harris since his death, as your complainant is informed.

Complainant further says that on the ——— day of ———18—the said John P. Orr was duly appointed and qualified, and executed bond as the administrator of the estate of the said W. H. Harris, deceased, and that he has not caused the personal estate of the said Harris to be appraised and sold as required by law, and has failed to make any settlement of his accounts as such administrator; and your complainant is informed that the said administrator called upon the said A. B. Harris and W. B. Harris for the personal property of the said W. H. Harris, deceased, of which he died possessed, and that they represented and claimed to him that the said decedent had no estate of any kind at the time of his death. Complainant charges that the said A. B. Harris, Anna Harris, and W. B. Harris fraudulently took possession of all the said money, notes, and bonds of which the said W. H. Harris died possessed as aforesaid, and have been fraudulently concealing the same without any authority of law, and for the sole purpose and with the intent to cheat and defraud your complainant out of her interest in the said estate as the widow and heir of the said W. H. Harris, deceased, as well as the other parties interested therein, and that the said A. B. Harris and Anna Harris, his wife, and W. B. Harris, entered into a conspiracy for the purpose aforesaid. And complainant further charges that the said W. H. Harris was an imbecile, and mentally incompetent to transact any business, and that the said A. B. Harris and W. B. Harris fraudulently got possession of the notes or bonds executed by

them to the said W. H. Harris, and are now concealing the same, and representing that the said W. H. Harris had delivered them up to them, and that he had assigned to them notes and bonds on divers persons, all of which was done to defraud your complainant as aforesaid. Complainant further says and charges that the said administrator has refused to collect, and to institute proceedings for the purpose of collecting and getting possession of, the personal estate of the said W. H. Harris, deceased, as required by law.

Inasmuch, therefore, as your complainant is remediless save by the aid of a court of equity, etc.——prays that the said parties mentioned as defendants in the caption of this bill may be made parties defendant thereto and required to answer the same; that proper process may issue; that this cause may be referred to one of the commissioners of this court to settle the accounts of the said administrator, and ascertain the amount of personal property of which the said W. H. Harris died possessed and entitled to; that complainant may have a decree against the said A. B. Harris, Anna Harris, and W. B. Harris for her interest in the said estate fraudulently concealed by them as aforesaid, and that they may be required to produce and turn over to the said administrator all the moneys, notes, bonds, and property of the said W. H. Harris; that your complainant may have a decree against the said administrator for her interest in said estate in his hands to be administered or that should have been collected by him, and that he be required to account for the money due from him to the said estate, as well as the other defendants that 'one' the same as aforesaid; and that your complainant may be granted such other and further and general relief as may be just and proper in this cause. And she will ever pray, etc."

The plaintiff's bill was demurred by the defendants, and, on consideration, was overruled by the court. On the 28th day of November, 1893, the bill was taken for confessed as to all of the defendants, and the cause was referred to James W. Stuck, one of the commissioners of the court, who was directed to state and settle the accounts of John P. Orr, as administrator of the estate of W. H. Harris, deceased, and to ascertain the amount of personal property

of which the said W. H. Harris died possessed, and what became of the same; what came into the hands of said administrator, or should have been collected by him, and with which he should be charged; how much there is due the plaintiff from the said administrator and other defendants, as the widow and distributee of said W. H. Harris, deceased; and any other matter that might be proper and required by any of the parties in interest.

On the 17th day of July, 1894, said commissioner filed his report in said cause, to which report eight exceptions were filed by J. P. Orr, administrator, *etc.* Said J. P. Orr, administrator, *etc.*, of the estate of W. H. Harris, deceased, also filed his answer to the plaintiff's bill, explanatory of his conduct, as administrator, and putting in issue the material allegations as to himself. The defendant Scott Nutter also filed his answer to the plaintiff's bill, and G. W. F. Randolph filed his petition in the cause, praying to be made a party, stating that W. H. Harris was indebted to him, at the time of his death, to an amount therein stated, and that part of the same was paid to him by the sale of a lot belonging to said Harris, and a balance of sixty six dollars and eighteen cents, with interest from the 24th day of September, 1892, was still due him from said estate. Said answer was replied to, and on the 23d of November, 1894, said case was recommitted to said commissioner with substantially the same requirements. On the 18th day of March, 1895, said commissioner returned his second report, which was excepted to by the plaintiff because the commissioner failed to charge John P. Orr, administrator, with one hundred dollars, instead of twenty five dollars, with interest, as shown by evidence of George Randolph, *etc.*

The said J. P. Orr, administrator, by his counsel, indorsed ten exceptions to said report, which read as follows:

"The defendant, John P. Orr, administrator of W. H. Harris, deceased, excepts to the report of Master Commissioner J. W. Stuck, made and filed in this cause on the 18th day of March, 1895, and for cause of exceptions assigns the following: First. Because the commissioner, in his said report, ascertains and reports that exceptor, as admin-

istrator, is chargeable with the sum of $1,180.23, assets be-longing to estate of his decedent, which is not warranted by the evidence before him, or by the law governing administrators. If even chargeable with any assets whatever, exceptor is or would be only chargeable with the amount due from him by note, which can not be found, amounting to the sum of $25, and the G. W. Powell $10, borrowed money from decedent, of which there is no account or note found, and with the amount of the Scott Nutter note, due decedent, for $100 and its interest, which note, also, never came into possession of exceptor, and can not be found, but which said Nutter admits remains unpaid, and that, as to all other items which enter into and make up said sum of $1,180.23, this exceptor is not chargeable therewith. Second. Because the said administrator charges this exceptor, as administrator, with the sum of $700, with interest thereon, amounting to $164.94, as money which belonged to said decedent, and which some one, after the death of said decedent, or during his lifetime, got into his possession, but who is not shown by the evidence taken before said commissioner. Exceptor never knew, of his own personal knowledge, of any such sum belonging to said decedent, or of the same being in the possession of any one, nor was he ever furnished with any proof by any party interested of any one holding or having in their possession any such sum of money, so as to enable him to sue for and recover the same. The evidence discloses that, upon the death of said decedent, a sum of money was taken from his person, and handed to Mrs. Harris, the wife of said decedent's son, at whose house he had been staying prior to his death, and where he died, and that she laid it up in the cupboard, and afterwards put it in a chest or trunk, from whence it was stolen or taken by some party unknown; but the proof does not show that, after the death of W. H. Harris, either of his sons ever took or had such sum belonging to him in their possession, or that this exceptor knew, or was ever furnished by any one with, any proof to establish who had taken or who got said money; that said money was stolen or abstracted long before this exceptor qualified as administrator of said estate,

as long as three months before his qualification; and that he required of parties interested, who requested that he should sue for the recovery of the same, indemnity against costs and expenses of suit, and the same was not furnished. And exceptor says that he was not bound to sue a doubtful claim without such indemnity, and that he is not to be charged with assets which never came into his hands. Third. Because the proof shows that, after his qualification, exceptor sought to ascertain the assets and estate belonging to said estate, and was told by those where the said W. H. Harris died there were none belonging to him; and further, said testimony shows that said Harris, in his lifetime, told exceptor he had given to his sons all his money and estate, and this is corroborated by the testimony of other witnesses in this cause, *viz.* the witnesses Gribble, Powell, Elma Harris, T. J. Haskins, and Heaton. Fourth. Because the amount ascertained by said commissioner in his said report as being in the hands of exceptor, or for which he is liable as administrator, is not warranted by the evidence taken in this cause before said commissioner. Fifth. Because the said sum of $1,180.23, found due from exceptor in said report, is made up largely of the sum of $700 and its interest, $164.94, money alleged to have been on the person of said Harris when he died, and which was taken therefrom by some one. The report shows that this sum was stolen long before exceptor qualified as administrator, by some unknown person, to this exceptor also unknown, and as to whom this exceptor has never had any information, or been furnished 'by' any evidence by any one which would justify him in instituting suit for its recovery and successfully maintaining such suit. He insists he was not bound by law to prosecute any doubtful or uncertain suit to recover a doubtful and uncertain claim, unless indemnified against costs; and the means in his hands were wholly inadequate for any such purpose. He insists that such finding is wholly erroneous and unwarranted by the evidence and the law applicable to this case. Sixth. Because the commissioner charges exceptor with $100 for household and kitchen furniture, when the proof before him shows that said decedent, long before his

death, had disposed of all such property belonging to him to his granddaughter, Elma Harris, and his daughter-in-law, Mrs. A. B. Harris, and that all household and kitchen furniture was claimed by Elma Harris, a granddaughter of said decedent, and his daughter-in-law, Mrs. A. B. Harris. This exceptor insists that said decedent, in his lifetime, had a perfect right to dispose of, by gift or otherwise, to any one he pleased, any personal property or effects belonging to him, and that, except as to creditors whose debts were existing at the time, such gift or disposal would be valid and binding, the donee taking possession of said property, and such possession with said donee. But the evidence does not warrant the finding as to this 'acceptor,' who is only chargeable with such property as came into his hands, or which he might have recovered belonging to said estate, after he was furnished or put in possession of sufficient proof to enable him successfully to maintain a suit for its recovery; and there is no such proof in this cause. Seventh. Because commissioner charges exceptor with amount of note of G. W. F. Randolph, which never came into his hands, and such finding is not warranted by the evidence before said commissioner. For these and other errors apparent on the face of said report, and shown by the evidence taken before said commissioner, said report is excepted to. Eighth. Because commissioner charges exceptor with interest on each item of the account from the death of the decedent, as if he had received the decedent's property on that day, when he was not appointed administrator for three months after, and had not then nor since found any property that belonged to decedent, save the $25 which, after the decedent's death, was claimed by the donees, A. B. and W. B. Harris; and, even if it had all come into his hands, he would not be chargeable with interest until he was appointed administrator, and not then if nothing came into his hands to administer upon. The principles upon which the accounts of an administrator should be stated were long ago settled, and every item charged in the report is unsupported by evidence and contrary to law. Ninth. Because the commissioner erred in his report in charging exceptor with the sum of $1,180.23,

or any part of it, for the reason that the evidence, standing uncontradicted, shows that the decedent had, long prior to his death, disposed of all of his personal property of every kind whatsoever, of which this $1,180.23 is made up, to his two sons and granddaughter and daughter-in-law, and that thereby all the property prior to his death, and what he had at his death, if any, belonged to them, including all money on his person at his death, if any he had at the time, or any place else, together with the Nutter note, exceptor's note, and Powell's account, leaving nothing to come into the hands of exceptor as such administrator. (See evidence of John M. Gribble; G. W. Powell, Elma Harris, and T. J. Haskins.) Tenth. Because the commissioner, in his report, after first having charged exceptor with one thousand and one hundred and eighty dollars and twenty three cents, goes on and finds, in face of all the evidence taken in the cause, that W. H. Harris died possessed of the personal property described in his report, and charges exceptor with it, and then finds that it went into the hands of A. B. and W. B. Harris, except the twenty five dollars due from exceptor, and the ten dollars due from G. W. Powell, and the one hundred dollars due from Scott Nutter, and then finds there is due the plaintiff from exceptor three hundred and ninety three dollars and forty one cents, and then finds that A. B. and W. B. Harris 'was' solvent at the time exceptor was appointed administrator, and was so long since, and then finds, or, rather, asserts, that if exceptor had been diligent, and done his duty, that there would have been no question about his making the money now due the plaintiff, and then finds that the three hundred and ninety three dollars and forty one cents has been lost to the plaintiff by the negligence of exceptor, when there is not even an iota of evidence showing that any of this property, even if it had belonged to the decedent, which is denied, ever was received or taken possession of by A. B. and W. B. Harris, or by any one else by their order or direction, or that it ever went into possession of exceptor, or that A. B. and W. B. Harris 'was' solvent at the time exceptor was appointed administrator, or have been since, or that there is one penny due the plaintiff from exceptor, or that ex-

ceptor had not been diligent in his duty, or that through his negligence plaintiff has lost anything. What diligence more could be required of exceptor 'that' was used by him, when he knew of no property that belonged to decedent, yet demanded property of the proper parties, and was informed thet there was none, and no party in interest or otherwise would show him any, or indemnify him to bring suit, and the law don't and didn't compel him to follow a phantom, and the whole report, findings and all, is contrary to law, and not supported by the evidence."

The defendant Scott Nutter also excepted to said report:

"(1) Because the commissioner erred in not allowing him his account of one hundred and twenty two dollars against the estate of W. H. Harris, deceased, the same being fully proven and should [have been allowed. (See evidence of Eliza Nutter and W. B. Harris, together with the evidence of exceptor, in so far as admissible.) (2) Because the commissioner further found and reported that said exceptor's account against the estate of W. H. Harris, deceased, was barred by the statute of limitation, when the evidence and papers of this cause show that the account was not barred at the date of the institution of this suit and service of process upon exceptor 'vs.' one of the defendants to this cause."

Numerous depositions were taken by both plaintiff and defendants, and on the 13th day of May, 1895, the cause was finally heard upon the report of said commissioner, the ten exceptions indorsed thereon by the defendant John P. Orr, administrator of the estate of W. H. Harris, deceased, the two exceptions thereon indorsed by the defendant Scott Nutter, and one by the plaintiff. And the court overruled said- exceptions, and approved and confirmed said report, except as modified by the decree, and held said administrator personally liable for seven hundred dollars in cash lost by his negligence, for G. W. Powell note ten dollars, for John P. Orr note twenty five dollars, for Scott Nutter note one hundred dollars, with interest thereon from the 17th day of April, 1891—amounting, to the date of the decree, to the sum of one thousand and forty two dollars; that there was due from the estate of W. H. Harris, deceased, to the

petitioner, G. W. F. Randolph, a creditor of said estate, the sum of seventy six dollars and seventy three cents, which should first be paid by said administrator out of the said sum for which he is liable, leaving the sum of nine hundred and sixty five dollars and twenty seven cents; that the plaintiff is entitled to one-third of said sum of nine hundred and and sixty five dollars and twenty seven cents, or the sum of three hundred and twenty one dollars and seventy five cents, as her distributive share in the said estate as the widow of said W. H. Harris, deceased, and the residue thereof, seven hundred and ten dollars and twenty five cents, should be divided into seven equal parts of one hundred and one dollars and forty six cents, one of which is due each of the children of said Harris, except the shares of A. B. Harris, W. B. Harris, and A. E. Nutter, one of which parts should be divided into four equal parts, or the sum of twenty five dollars and thirty six cents, and one of each distributed to each of the said four grandchildren of said W. H. Harris.

It was therefore ordered, adjudged, and decreed that the plaintiff recover from the defendant John P. Orr the said sum of three hundred and twenty one dollars and seventy five cents appearing due her, with interest thereon from the 13th day of May, 1885, till paid, and the costs of the suit; that the petitioner, G. W. F. Randolph, recover from the said John P. Orr the said sum of seventy six dollars and seventy three cents appearing to be due him, with interest from the 13th day of May, 1895; and said parties were allowed to sue out executions for said amounts. It was further decreed that said administrator should be charged with the items of one hundred dollars due from A. B. Harris to said estate, and one hundred dollars for household and kitchen furniture, with which the commissioner has charged him; that the distributive shares, of one hundred and one dollars and forty six cents each, of the defendants A. B. Harris, W. B. Harris, and A. E. Nutter in the said sum of nine hundred and sixty five dollars and twenty seven cents, with which the said administrator is chargeable as above appearing, should be credited to the said administrator, as against the said sum of nine hundred and sixty five dollars and twenty seven cents—the said A. B. Harris and

W. B. Harris having already received the same, and the said A. E. Nutter having waived her right to the same; that the defendant Scott Nutter is not entitled to recover on his account against the said estate. From this decree said John P. Orr obtained this appeal.

The first error assigned and relied on is that the exceptions of appellant to said report of Commissioner Stuck should have been sustained, and especially as to the sum or item of seven hundred dollars for money found upon the person of his intestate at the time of his death, the proof not being sufficient as he claims, to charge him with said items. Counsel for the defendant Orr, in his argument, insists that the demurrer to the bill should have been sustained, because the bill nowhere alleges that there were any solvent or collectible debts that said administrator had refused to collect, and because it does not allege that the debtors were solvent, and that the administrator had lost the debts by failure to sue or prosecute proceedings for the purpose of collection when he could have done so. The bill does charge that said administrator had refused to collect, and to institute proceedings for the purpose of collecting and getting possession of, the personal estate of the said W. H. Harris, deceased, as required by law. It does not, however, state when the said John P. Orr was appointed and qualified as administrator of the estate of W. H. Harris, deceased; and does not show that four months had elapsed, after his appointment as such, without said administrator having returned to the clerk an inventory of all the personal estate and real estate which has come to his possession or knowledge, as required by section 2 of chapter 87 of the Code. Nor does the said bill on its face show that one year had elapsed since the order was made conferring his authority, when section 29 of chapter 87 of the Code provides that "a personal representative shall not be compelled to pay any legacy given by a will or make distribution of the estate of his decedent until after a year from the date of the order conferring authority on the first executor or administrator of such decedent, and except where it is otherwise provided he shall not then be compelled to make such payment or distribution until the legatee or distributee shall give him a bond executed by

himself or some other person with sufficient security conditioned to refund a due proportion of any debts or demands which may afterwards appear against the decedent, and of the costs attending their recovery"; and, under section 6 of the same chapter, such administrator is allowed six months after the expiration of the year to exhibit his accounts and settle before a commissioner. So that the allegations of the bill, if true, do not show a liability on the part of John P. Orr, the administrator of W. H. Harris, deceased. It was therefore error in the court, under this state of pleading, to find that the defendant John P. Orr, as administrator of the estate of W. H. Harris, deceased, had failed and neglected to execute his duty as such administrator, and to decree against him personally for the amounts found by said commissioner chargeable against him. The demurrer should have been sustained by the court, with leave to the plaintiff to amend, if she saw proper so to do; and having arrived at this conclusion renders it unnecessary to consider the case upon the merits.

The decree complained of is reversed, and the cause remanded, with costs.