# CHARLESTON.

FREEMAN *v.* CARNEGIE NATURAL GAS COMPANY *et als.*

Submitted February 17, 1914.   Decided April 7, 1914.

1. PLEADING—*Bill—Exhibits.*
    Where an exhibit is filed with a bill vouching the truth of the allegations respecting the same, the court, on demurrer, will look to the exhibits for the facts, and if in conflict with the bill, will treat it as alleging the facts, for the purposes of the bill.  (p. 87).

2. MINES AND MINERALS—*Oil and Gas Lease—Accounting for Royalties.*
    In a suit for an accounting against lessor and lessee in an oil and gas lease, by one claiming a portion of the oil and gas under an alleged deed or contract from the lessor, and which contract besides a covenant to convey contains also a provision for the payment to the vendor of $200.00, for each and every well drilled and completed as stipulated, within ninety days from the date of such completion, and which by the terms of the contract is to be of the essence thereof, default in such payment to render the contract null and void, excusing performance thereof, if the bill seeking such accounting of the oil or gas produced fails to allege payment of the sum stipulated and performance by him of all other conditions precedent, it is fatally defective, and bad on demurrer, and if further amendment is declined the bill is properly dismissed.  (p. 87).

Appeal from Circuit Court, Doddridge County.

Suit for an accounting by Homer Freeman against the Carnegie Natural Gas Company and others.  From a decree for defendants, plaintiff appeals.

*Affirmed.*

*J. Ramsey,* for appellant.

*J. V. Blair,* for appellee.

MILLER, PRESIDENT:

The bill seeks an accounting of oil and gas rentals under the
74 W. Va.

following contract: "This agreement, made this 10th day of July, 1901, between Rachel J. Swiger and Lewis A. Swiger, her husband, of the first part, and Homer Freeman, party of the second part, all of the state of West Virginia,

"Witnesseth, That it is hereby agreed that if the said Homer Freeman shall pay to the parties of the first part the sum of ($105.50) in hand paid the said parties of the first part do hereby agree to grant and convey, by deed of general warranty, unto the said Homer Freeman, or any other person he may designate, all the undivided 1-16 one-sixteenth part of all the oil and one-half of the gas within and underlying all that certain tract of land, situate in McClellan District, Doddridge County, State of West Virginia, and bounded as follows, to-wit:  *  *  *  *  *  , containing sixty four (64) acres, more or less.

"But it is hereby agreed and understood that the essence of this agreement is the payment of the sum of $200 for each well to be paid within ninety days after said wells are tubed and tested, and a failure to pay the same within the time hereinbefore specified is to render this contract null and void, and the parties of the first and second part are to stand relieved from all damages and responsibility for the non execution and non-fulfillment of this contract, by reason of the failure to make said payment, within the time above specified, but if the said payment· is made within the time above hereinbefore stated, then this contract shall be binding to all intents and purposes on the parties hereto. Witness the following signatures and seals. (Signed.) Rachel J. Swiger (SEAL), Lewis A. Swiger (SEAL)."

The bill as originally filed charged that by said contract Swiger and wife thereby sold and conveyed to plaintiff one-sixteenth of all the oil and one-half of all the gas in and underlying said tract of 64 acres. Plaintiff's only allegation of compliance with the terms of the contract by him is the general one that he has complied with all the terms and conditions of said sale and conveyance of said oil and gas interests made to him as aforesaid.

On demurrer sustained, plaintiff was permitted to amend at the bar, by adding the following paragraph: "Plaintiff says and avers that he paid to Rachel J. Swiger and Lewis A.

Swiger the $105.50 mentioned in the writing executed by said Swigers to plaintiff, a copy of which is filed as exhibit 'B' with plaintiff's bill, and the same was so paid at the date of said writing. And plaintiff claims only a royalty interest in and to the oil and gas within and under or that may be produced from the 64 acres of land mentioned in said writing.''

The demurrants, Carnegie Natural Gas Company, and Lewis A. Swiger, having renewed their demurrers to the bill as amended, and the plaintiff declining to further amend, the court by the decree appealed from sustained said demurrers and dismissed the bill with costs to the demurrants, and the plaintiff has appealed.

Other allegations of the bill are, that on March 4, 1899, defendant Sarah M. Cumberledge conveyed to said Rachel J. Swiger said 64 acre tract, exhibiting a copy of her deed; that thereafter and on and prior to the date of her contract with plaintiff, Rachel J. Swiger was the owner in fee simple of said land, except the oil and gas interest reserved to said Sarah M. Cumberledge; that on October 8, 1900, she and her husband made an oil and gas lease on said land to H. L. Smith, who it is alleged assigned the same to Carnegie Natural Gas Company, and that said company now claims to own said lease; that said company entered on said land, and on January 7, 1907, completed a well thereon, producing gas in paying quantities, and that since then it has continued to produce gas in paying quantities therefrom, and has marketed the same and utilized the same and continues so to do.

It is further alleged that Rachel J. Swiger departed this life the latter part of 1906 or the early part of the year 1907, leaving surviving her, her husband Lewis A. Swiger, and certain children and heirs at law; that said Lewis A. Swiger is tenant by the curtesy in said land, and as such is entitled to all the benefits to which his wife would have been entitled, if living, under and by virtue of said lease, if she died seized of any interest in the said oil and gas under said tract.

Inconsistently with said amending paragraph, it is further alleged that plaintiff is entitled to a one half of all the proceeds derived from the production of said gas, and that the Carnegie Natural Gas Company has failed and refused to account to him therefor; that the entry of said company

upon said land was without right or authority from him so to do, and that he had no notice of said lease.

It is further alleged that defendant Sarah M. Cumberledge claims an interest in said gas by virtue of the reservation in her deed to said Rachel J. Swiger, aforesaid; that deed, a copy of which is exhibited with the bill, and the provision therein to which the bill refers, is as follows: "And the said Sarah M. Cumberledge and Henry C. Cumberledge, her husband, does hereby covenant with said party of the second part that they will warrant generally the property hereby conveyed, except one-half of all the oil and gas in and under said land."

The only parties named as defendants are Carnegie Natural Gas Company, a corporation, Lewis A. Swiger, and Sarah M. Cumberledge; and the specific prayer of the bill is that said company be required to account to the plaintiff for his interest in the gas produced since January 7, 1907, or his interest in the annual rental for each gas well, provided for in said lease, that the cause be referred to a commissioner to state an account between the parties, and for general relief.

Two grounds of error are assigned: First, that the court erred in sustaining the demurrers to the bill; second, in dismissing the same. The brief of appellant's counsel is very meager and not very enlightening on these propositions. The decisions cited are, as we conceive them, very remotely, if indeed they are at all, pertinent to the issues. They relate mostly to the subject of an accounting where there is right thereto on the merits of the case. One decision relating to the rule against perpetuities has application if that question is fairly presented.

The grounds of demurrer relied on are: First, want of equity in the bill. Second, that the contract of July 10, 1901, is not a deed, as alleged, but only an optional or conditional contract, not alleged to have been accepted by plaintiff, or consummated by deed of conveyance, and that the same is void as contravening the rule against perpetuities. Third, want of mutuality in the contract. Fourth, for misjoinder of Sarah M. Cumberledge, and non-joinder of the heirs of Rachel J. Swiger. Clearly if either of these grounds be well

founded the demurrers were rightfully sustained and the bill dismissed.

Before proceeding to consider the demurrers it is proper that we should construe the contract sued upon. True the bill alleges that it is a deed of conveyance, and that the grantors thereby sold and conveyed to plaintiff one-sixteenth of all the oil and gas; but where the contract vouching the truth of the allegations is exhibited with the bill, and if in conflict with the bill, the court on demurrer will treat it as alleging the facts for the purposes of the bill. *Elswick* v. *Deskins,* 68 W. Va. 396; *Richardson* v. *Ebert,* 61 W. Va. 523; *Board of Education* v. *Berry,* 62 W. Va. 433.

By reference to the exhibit we see at once that at most it is a mere contract to convey, but what is its nature?. Is it, as contended by demurrants, optional and conditional, vesting no present estate, containing an executory limitation, with antecedent condition, the act or condition required to vest an estate necessarily preceding the vesting thereof, but which by the terms of the contract might take place at some remote or uncertain time in the future, beyond the period allowed by law, and therefore contrary to the rule against perpetuities?

It is contended on behalf of appellant, and as alleged in the bill, that the $105.50, was paid in hand at the date of the contract, and that plaintiff was then and at any time thereafter and is now entitled to specific execution of that part of the contract calling for a conveyance by a deed of general warranty, and that the subsequent provision for the payment of $200.00 for each well amounts to a condition subsequent, which may be complied with at any time after the grant, and that his right to a deed or an accounting is not conditioned upon payment or averment of payment of the $200.00 for each well, as a part of the consideration therefor. On the other hand it is contended by defendants' counsel that the consideration $105.50, was not paid or agreed to be paid for the vesting of any present estate or interest in the oil or gas, but was the mere price of the option or privilege of carrying the same into grant or conveyance, in the event oil or gas should be found, and the optionee should elect within ninety days after such well or wells should be tubed and tested to pay the $200.00, stipulated in the contract.

On this theory of the contract the inquiry comes would the plaintiff be entitled to a deed of conveyance, according to the first provision of the contract, upon the completion of the first well and payment of the $200.00 within the ninety days, or .would he be obliged to wait until all the wells contemplated, or that might be drilled, are completed, but paying for the wells as drilled and within the time specified, before being entitled to the deed? The question is a difficult one. The contract is vague and uncertain. Rules of interpretation require us to try to arrive at the intention of the parties. It may be pertinently asked, why if it be true as alleged that the first consideration was paid down at the time of the contract a deed was not made at once conveying the interest in the oil and gas, in place of making and executing a contract therefor. If the plaintiff's view of the contract be correct, that was the simple and logical thing to have done, inserting therein of course, as a condition of taking the oil and gas as produced on the premises, payment within the time stipulated of the $200.00 for each well. Taking this view, and the one most favorable to plaintiff, specific execution of the contract would require execution of the deed, containing such terms of limitation or defeasance as would protect the vendor in the payment for each well as drilled, else the last provision of the contract would be rendered inoperative and void, and the payment of the $200.00 for each well, stipulated to be of the essence of the agreement, would amount to a mere money demand, unprotected by the terms of the contract.

Our interpretation of the contract is that it entitled the plaintiff, on payment of the stipulated price of $105.50, to a conditional grant and conveyance of one-sixteenth of the oil, or as called for by the bill, the payment of one half of the royalty in the oil and gas as produced, subject to a defeasance of that right for non-fulfillment of the condition precedent, the payment of the $200.00, for each well within the time stipulated by the contract. This construction in our view will give force and effect to all the terms and provisions of the contract, and preserve to each of the parties all rights they can possibly be entitled to under the contract.

.If this be the proper construction of the contract, does the bill present a proper case for any relief? We think not. The

plaintiff seeks no conveyance of the oil and gas in place, and by the amendment thereto plaintiff only claims a royalty interest in the oil and gas and for an accounting of the gas produced from the one well drilled upon the premises. Is he entitled to that relief? The bill alleges that the well was drilled and completed on the premises on January 7, 1907; but it is not alleged anywhere, by direction or indirection, certainly not within the rules of good pleading, that plaintiff has ever paid the $200.00 or paid the same within ninety days after the completion of said well, as a condition precedent to his right thereto, and failure to do which by the terms of the contract rendered it null and void and inoperative as against the vendors. We are of opinion, therefore, that the first ground of demurrer is well founded. This ground being good and the one which goes to the very merits and foundation of the suit, it would be useless and a waste of time to deal with the other points of demurrer. Indeed it might be improper to do so for some of them seem to involve rights of persons not parties to the suit.

Our conclusion is to affirm the decree.

*Affirmed.*