# CHARLESTON

ROWAN v. TRACY, EXECUTOR, ETC., *et als.*

Submitted June 16, 1914.   Decided June 30, 1914.

1. EXECUTORS AND ADMINISTRATORS—*Suit Against Executor.*

   A bill filed by a widow, and as creditor and devisee under the will of her deceased husband, against his executor, heirs and other devisees, within less than a year from the date of the qualification of the executor, being the first executor, seeking an accounting, convention of creditors, and a decree for debts claimed by her and also a distribution of the estate, is premature, and demurrable.   (p. 650).

2. COSTS—*Costs on Appeal.*

   When the demurrer to such bill has been overruled and the cause heard on its merits, and dismissed as presenting no cause for equitable relief, without a proper saving of plaintiff's legal or equitable right accrued or to accrue, costs incurred in this court will be decreed appellant on reversal of the decree below, sustaining the demurrer, and remanding the cause with leave to amend and for further proceedings.   (p. 651).

Appeal from Circuit Court, Monroe County.

Suit by Mary E. Rowan against H. P. Tracy, executor, and others. Decree for defendants, and plaintiff appeals.

*Reversed and Remanded.*

*Payne, Minor & Bouchelle,* for appellant.

*T. N. Read* and *John L. Rowan,* for appellees.

MILLER, PRESIDENT:

Plaintiff suing as widow of and as creditor under an alleged antenuptial contract and as devisee under the will of the late Col. John M. Rowan, deceased, filed her bill against his executor, and other devisees and heirs, seeking an accounting by the executor, a convention of the creditors, and a decree that four thousand dollars of said estate be turned over to her in satisfaction of said antenuptial contract; and to have paid her one third of the personal estate as provided in said will; also a decree for two hundred dollars, alleged to be due her for money paid out of her separate estate for the use and benefit of the decedent, and that certain notes made by her to one Steel and indorsed by her said husband be made a charge upon and paid out of his said estate, and for general relief.

The bill alleges that the testator died March 14, 1910, and that Tracy qualified as executor shortly thereafter. This suit was instituted December 22, 1910, within ten months from the date of the death of the testator, and within a less period from the date the executor qualified.

The bill was demurred to and answered by the executor, and all the other beneficiaries under the will, the answer denying all the material allegations of the bill. On final hearing, on bill, demurrer thereto, answers and proofs, the demurrer was overruled, but on the merits the court by the decree appealed from further adjudged and decreed "that there are no equities in the plaintiff's bill, and that the plaintiff is not entitled to the relief prayed for therein", and further "that said bill be, and the same hereby is, dismissed. without prejudice to any future action plaintiff may be entitled to take for any matter not adjudicated herein", and that defendants recover their costs.

Outside plaintiff's rights as creditor, and devisee, not a single other right is alleged in her bill. No equitable rights are set up or relief prayed for, nothing to let plaintiff into a court of equity for any present relief. As a creditor she has complete and adequate remedy at law, for aught that is alleged in the bill. Without showing some grounds for equity jurisdiction such as inadequacy of the legal remedy, inability to obtain satisfaction of his debt by pursuit thereof to

judgment and execution, or necessity for discovery or some other ground for equity cognizance a bill of this character is not maintainable. *Price* v. *Laing,* 67 W. Va. 373.

As one for distribution of the estate the bill is premature. By section 29, chapter 87, serial section 4055, Code 1913, a personal representative cannot be compelled to pay any legacy or make distribution of the estate of a decedent until after a year from the date of the order conferring authority upon him, unless it is otherwise provided, and a bill by the testator's widow seeking to compel the executor to do otherwise is demurrable, and cannot be sustained. *Harris* v. *Orr,* 42 W. Va. 745. So we are of opinion that the demurrer should have been sustained, and if after leave given to amend, plaintiff failed to amend her bill so as to show equitable grounds for relief, her bill should have been dismissed, saving all rights legally existing, or equitable rights thereafter to accrue, and this without having undertaken to otherwise dispose of any of her rights or the rights of any of the other parties.

The decree below will therefore be reversed, and the cause remanded with direction to enter an order sustaining the demurrer, and with leave to plaintiff to amend her bill within such reasonable time as the court may prescribe, and upon default thereof that her bill stand dismissed, but to be without prejudice to any rights or remedies, legal or equitable, existing or thereafter to accrue to plaintiff against defendants, or either of them, growing out of any of the matters pertaining to said estate.

Now as to the costs incurred in this court. Appellees insist and assign as cross error, that the court below should have sustained their demurrer, and as appellant was responsible for the error of the court in overruling the demurrer she should not recover costs here. Appellant may be said to be legally responsible for the court's error in overruling the demurrer; but the error did not end there. Appellees procured the court to dispose of the case on its merits on the ground that there were no equities in the bill, and in attempting to save plaintiff her rights, erroneously limited those rights to such as had not been adjudicated. As all rights claimed were by the pleadings and proofs filed made issues, the decree pro-

nounced, we think, amounted to an adjudication of all plaintiff's rights, leaving none unadjudicated. This was error which appellant could have corrected only by appeal to this court. If the court had simply dismissed the bill without any saving and the record showed no request by her for a saving of her rights we would simply correct the decree and affirm without costs, agreeably to the rule promulgated in *Frye* v. *Miley*, 54 W. Va. 324, *Teter* v. *Teter*, 65 W. Va. 167, and *Newton* v. *Kemper*, 66 W. Va. 130. Our conclusion, therefore, is that plaintiff is entitled to costs incurred on this appeal, and the decree entered here will so provide.

*Reversed and Remanded.*