# CHARLESTON.

MARY M. SHARP v. VIRGINIA KLINE.

Submitted February 19, 1918.   Decided March 5, 1918.

1. EASEMENTS—*Appurtenant Easement of Way.*

   If the owner of an unimproved tract of land through which there is a passable private road made for logging and other purposes and used by him in connection with his ownership of the land, so divide the tract into several parts as to give access to all of them save one, from a public highway, by means of such road, and as to leave some of them without any other outlet or means of access to and from a highway, otherwise than by procurement thereof through the land of strangers, and contemporaneously grant the several parts to different persons by separate conveyances, each grantee takes his part of the land subject to the use of such road by each of the others as an easement appurtenant to his part, to such an extent as is reasonably necessary to his use and enjoyment thereof. (p. 15).

2. SAME—*Appurtenant Easement of Way—Forfeiture—Obstruction.*

   An improper use of such easement does not forfeit the title thereto, nor justify total obstruction thereof. (p. 15).

3. APPEAL AND ERROR—*Modification of Decree—Easements.*

   A decree enjoining the owner of such servient estate from obstruction of the road in any way and entered upon pleadings and evidence raising no issue as to his right to maintain gates or bars

across it, is too broad in its scope and will be modified by the appellate court so as to limit it to the total obstruction complained of, a fence without gates or bars. (p. 15).

4. Costs—*Appeal—Failure to Raise Question in Lower Court.*

If, however, the appellant did not ask for such limitation in the court below, the modification neither gives him right to costs nor denies it to the appellee. (p. 17).

Appeal from Circuit Court, Pocahontas County.

Suit for injunction by Mary M. Sharp against Virginia Kline. Decree for plaintiff, and defendant appeals.

*Modified and affirmed.*

N. C. *McNeil,* for appellant.

L. M. *McClintic* and F. R. *Hill,* for appellee.

Poffenbarger, President:

The decree appealed from enjoins the obstruction of an alleged private road claimed on three grounds, prescription, necessity and implied grant or reservation.

The facts are somewhat unusual. By a deed dated, Nov. 29, 1889, James Gibson Jr., acquired a tract of land containing 154 acres, more or less. By four deeds dated, April 6, 1898, he divided the tract into five parts and conveyed them, two lying in opposite ends of the original tract and containing, respectively, 51 acres and 33 acres, to the plaintiff Mary M. Sharp, one containing 27 acres and adjoining the 33 acre tract, to Rachel A. Simmons, one containing 29 acres, to John A. Peters and Israel Knight and one containing 9½ acres to Madison Boggs. By subsequent conveyances, the 27 acre tract became the property of the defendant Virginia Kline. Peters now owns 20 acres. In some way not disclosed, Sallie Lacy became the owner of 4 acres. The Lacy, Knight, Peters and Kline tracts all lie between the 33 acre tract and the 51 acre tract, and the outlet from the Kline tract to the public road, is a private way over the Lacy, Knight and Peters tracts. Mrs. Sharp claims this road extends across a corner of the Kline tract to her 33 acre tract, and that she has the right to use it in transporting timber from her 51 acre tract to and across her 33 acre tract. When she began the timber oper-

ation in that way, Mrs. Kline enclosed a part of the road by a fence running around the corner of the land over which it runs.

For the most part, the land seems to have been uncleared and uncultivated, at the time of the conveyances by Gibson. The tract had formerly belonged to McDowell and he and Gibson seem to have taken some timber from it successively. There is much evidence tending to prove there was a path on the location of the road in question, long before any of the land was improved to any considerable extent. About twenty years ago, a house was built on the Kline tract and, at that time, the path from it out to the 51 acre tract was enlarged into a wagon road, but not across the Kline tract to the Sharp 33 acre tract. Mrs. Kline's right to go from her land over the tracts lying between it and Mrs. Sharp's 51 acre tract seems not to be disputed. If Mrs. Sharp has no right to cross the Kline land and use the same road, she has no way out from her 33 acre tract nor any way to it from her 51 acre tract on which she resides. The former is not enclosed, but there is a fence on one side of it and it has been used in some way by Mrs. Sharp and her husband, for pasturage purposes, for several years. In making that use of it, they have driven their stock over the road across the Kline land. They and others have also made use of the road in travel from their homes to a place called Edray. Mrs. Sharp owned her land about eleven years before Mrs. Kline obtained the title to the 27 acre tract. During that period, none of the former owners of that tract made any objection to the use of the road, nor did Mrs. Kline do so until about six years after she got the land. The 51 acre tract is on a public road to which all the other tracts have an outlet by means of this old private road, and, without it, the 33 acre tract has no outlet to any public road.

If Gibson had retained the 33 acre tract, the facts and circumstances would have sustained a claim of right of ingress and egress over the other tracts, under principles declared in *Hoffman* v. *Shoemaker*, 69 W. Va. 233. The existence of the old road might not of itself suffice to give such way by implied reservation, but that together with the lack of any other outlet would make the unexpressed intention clear. Though

he did not retain it, the same facts and circumstances were known to all the grantees. They saw the old road and the situation of the 33 acre tract, and took their conveyances with full knowledge of facts raising a presumption of intent so strong that the contrary thereof cannot be supposed. In claiming against them, Mrs. Sharp does not claim against the words of her own deed, as Gibson would have been compelled to do, if he had retained this tract, wherefore it is easier to justify her claim than it would have been to justify his, in the case supposed. Her situation is similar to that of a grantee taking land with an apparent easement over the remaining lands of the grantor. If the fiction of priority of the grants of the other tracts could be indulged, her right would be that of a grantor holding an impliedly reserved way over them, for Gibson had it and she took such right as he had. If it could be said she took her conveyance first, she had the way by implied grant. The case seems, however, to fall more clearly within the principles announced in *Johnson* v. *Gould,* 60 W. Va. 84. Though the grantees were not all cotenants, they all took conveyances by which an entire tract of land was divided among them, and the old road was an apparent easement necessary to complete enjoyment of all the parts into which the tract was divided, particularly the 9½, 29, 27 and 33 acre tracts, none of which had any outlet otherwise than by this road. The two circumstances, an apparent easement and lack of outlet by any other way, sustain Mrs. Sharp's claim under any of these theories. Even if the latter element did not exist, principles announced in *Scott* v. *Moore,* 98 Va. 668, would justify her claim.

There is some conflict in the evidence as to the true location of the road and as to whether Mrs. Sharp has strictly adhered to it, in passing over Mrs. Kline's land, but there is no preponderance of evidence against the trial court's finding as to the character or location of the road, justifying disturbance thereof. Occasional deviations from the old road, if any, do not justify obstruction thereof. The remedy by physical obstruction or legal process is limited to the departures or deviations. Many witnesses positively and definitely locate the old road.

If appurtenance of the way only to the 33 acre tract and

lack of right to it for purposes pertaining only to the 51 acre tract, such as marketing timber therefrom, be assumed but not decided, the misuse of it does not give right to prevent proper use of it by an obstruction or otherwise. The remedy would be an injunction against the improper use.

The decree, however, goes beyond the right of the plaintiff, in its denial of the right of the defendant to obstruct the road in any way. She may have right, under principles declared in *Collins* v. *Degler,* 74 W. Va. 455, to maintain gates or bars across the road. The plaintiff has no express grant of a way across the defendant's land. She takes it by implication and rights so acquired are only such as are reasonably necessary, or such as the parties may reasonably and fairly be deemed to have contemplated. As to the right to maintain gates or bars, the pleadings and evidence are silent, wherefore the trial court cannot be deemed to have intended to pass upon it, but the decree might by reason of the breadth of its terms, amount to an adjudication against the right. Whether this is the result of inadvertence or error in judgment, it should be corrected, by a modification of the decree, limiting it to the obstruction complained of, namely, fences without gates or bars permitting proper use of the road, and, as so modified, it will be affirmed.

As, presumptively, the trial court would have inserted this qualification, if it had been requested to do so, the modification does not entitle the appellant to costs. Substantially prevailing, the appellee is entitled to costs. *Frye* v. *Miley,* 54 W. Va. 324.

*Modified and affirmed.*