# CHARLESTON.

HOMER FREEMAN v. MARTIE SWIGER et als.

Submitted February 11, 1919.   Decided February 18, 1919.

1. EXECUTORS AND ADMINISTRATORS—*Husband and Wife—Lease—Payment by Lessor—Action Against Husband—Parties.*

Under a contract by which a married woman, her husband joining her, sells, and binds herself to convey, an interest in the oil and gas in a tract of land separately owned by her, for and in consideration of a certain sum of money payable to them, receipt of which is acknowledged by the contract, subject to a defeasance for non-payment of an additional sum of money for a well drilled on the land and tubed and tested, the vendee may pay such last mentioned sum to either husband or wife, while both live, or to the survivor, after the death of either; and the administrator of the wife's estate is not a necessary party to a suit against the husband and her heirs, to compel specific performance of the contract.   (p. 426).

2. SPECIFIC PERFORMANCE—*Contract to Convey Interest in Oil and Gas—Parties.*

Nor is the lessee operating the well on such tract of land a necessary party to such suit, the bill not seeking an accounting for oil or gas taken or to be taken from the land.   (p. 426).

3. WITNESSES—*Competency.*

In such case, the vendee is a competent witness to prove payment to the husband, after the death of the wife, of the sum required to be paid to prevent forfeiture of the contract.   (p. 427).

4. COSTS—*Corrections of Decree—Inadvertence.*

Right of correction of a decree in such cause, omitting requirement of a defeasance clause in the deed ordered to be executed, accordant with a stipulation therefor in the contract, does not carry costs in the appellate court, if the omission appears to have been the result of inadvertence in the entry of the decree and the appellant made no objection thereto in the court below.   (p. 428).

Appeal from Circuit Court, Doddridge County.

Suit by Homer Freeman against Martie Swiger and others. Decree for plaintiff, and defendants appeal.

*Modified, affirmed, and remanded.*

J. V. Blair, for appellants.
J. Ramsey, for appellee.

POFFENBARGER, JUDGE:

The decree appealed from requires specific performance of the contract construed by this court in *Freeman* v. *Carnegie Natural Gas Co.,* 74 W. Va. 83, but it was pronounced in a new suit the parties to which are not identical with those of the cause to which reference has just been made. The reported decision, however, sets forth the contract, the situation of the parties and many of the facts material to the disposition of this cause.

The parties defendant to this bill are Lewis A. Swiger, husband of Rachel J. Swiger, the deceased owner of the land and vendor of the oil and gas interests in controversy, and her seven children and heirs at law. The Carnegie Natural Gas Co. and Sarah M. Cumberledge, parties to the former suit, are omitted. Five of the children are infants and are represented by a *guardian ad litem.* The administrator of Rachel J. Swiger was not made a party.

As the sufficiency of the bill is challenged in argument here, only on the ground of failure to make the administrator and the Carnegie Natural Gas Co., assignee of the lease on the land, parties, acquiescence in its sufficiency in all other respects may be assumed. It alleges full and strict compliance with all the conditions of the contract, including payment of $200.00 to Lewis A. Swiger, on account of the first and only gas well drilled on the land, April 1, 1907, and within ninety days after the tubing and testing thereof, the well having been completed January 7, 1907.

Admitting the well settled doctrine that the personal representative of a deceased vendor is a necessary party to a bill for specific performance of the contract, *Hill* v. *Proctor,* 10 W. Va. 59; *Steenrod* v. *W. P. & B. R. R. Co.,* 27 W. Va. 1; *Hinchman* v. *Ballard,* 7 W. Va. 152, counsel for the appellee, by way of avoidance of the effect thereof, treats the husband and wife as joint obligees at the date of the contract and invokes the legal proposition, that, in such case, the obligor may discharge himself by payment in full to either of the joint obligees. *Hatfield* v. *Cabell County Court,* 75 W. Va. 595; *Allen* v. *South Penn Oil Co.,* 72 W. Va. 155; Bish. Con., sec. 875; 1 Parsons Con., 271; C. J. 537. If the obligation to

pay the $200.00 is referable in point of time, to the date of contract, and is analogous to rentals stipulated for in an oil and gas lease executed by a husband and wife, on land owned by only one of them, the money was payable to them jointly and the vendee could discharge himself by payment to either of them. *Allen* v. *South Penn Oil Co.*, 72 W. Va. 155; *Sandusky* v. *Oil Co.*, 63 W. Va. 260; *Coffman* v. *Hope Natural Gas Co.*, 74 W. Va. 57. The contract bears on its face evidence of intent to make the money payable to both husband and wife. It recites an agreement to make the first payment to them and acknowledges receipt of the money, and is silent as to the payees of the amounts to be subsequently paid. Presumptively, the parties to whom the first payment was made were intended. If, on the other hand, it is to be regarded as having arisen at the date of payment, the vendee having the option to pay or not and the consequence of non-payment being forfeiture of his title, the forfeited title going to the husband and heirs, the right to the money would not have accrued to Rachel J. Swiger in her life time, nor to her administrator after her death. It was, in that case, purchase money of the life estate of the husband and the estate in remainder of the heirs, and, therefore, payable to them. Since it would not have been payable to the administrator, in either event, he is not a necessary party.

As the bill does not seek an accounting for oil or gas taken from the land, or to be taken therefrom in the future, there is manifestly no occasion for the presence of the lessee. It is not interested in the cause of action set up in the bill. After settlement of the question of title, there may be no occasion for any litigation with it, and the court cannot assume necessity therefor.

The time of payment of the $200.00 having been proved only by the testimony of the plaintiff, objection to his competency as a witness to prove the fact was interposed under the claim that it was a personal transaction between him and a deceased person. It was obviously not a transaction with Rachel J. Swiger at all, for the bill alleges she died in 1906 and the answer, denying this, avers she died in 1904. Compensation for the well was paid to Lewis A. Swiger, one of

the parties to this suit and is proved, except as to date, by his receipt.

Failure to require a defeasance clause in the deeds of conveyance ordered to be executed, accordant with the stipulation in the contract for forfeiture of the title for failure to pay $200.00 for each well that shall be drilled on the land, within ninety days after the tubing and testing thereof, is an error necessitating a modification of the decree. This seems to have been the result of inadvertence, since the decree only impliedly negatives the requirement and the appellee admits the error. Disclaimer of right to an unconditional deed here argues lack of claim thereof in the court below and of intent to make such claim, or take a decree giving such right. If the appellants had protested against the form of the decree in the court below, no doubt it would have been readily corrected in this respect. Modified so as to correct the error noted, the decree will be affirmed and costs in this court awarded to the appellees, agreeably to the principle enunciated in *Hope Nat. Gas. Co.* v. *Shriver,* 75 W. Va. 401; *Rowan* v. *Tracy,* 74 W. Va. 649; *Teter* v. *Teter,* 65 W. Va. 167; and *Frye* v. *Miley,* 54 W. Va. 324.

The cause will be remanded for further proceedings.

*Modified, affirmed and remanded.*