# CHARLESTON.

J. H. ABBOT, JR., *et al. etc. v.* SAMUEL E. BOWEN.

(No. 5135.)

J. H. ABBOT, JR., *et al. etc. v.* TRESSA LEE BOWEN *et al.*

(No. 5136.)

Submitted March 17, 1925.    Decided March 24, 1925.

1. MUNICIPAL CORPORATIONS—*Allegation Assessment Certificate Was Issued in Pursuance of Charter Held Equivalent to Allegation of Everything Necessary to Give Certificate Validity.*

In a bill in equity, for the purpose of enforcing a lien on real estate for paving, grading and improving the streets of the City of Charleston, as evidenced by a certain assessment certificate, an allegation that the said certificate was duly issued in pursuance to the terms and provisions of section 88, of the charter of said City, is a statement in legal effect that everything necessary to be done to give the assessment certificate validity has been done. (p. 530.)

2. COSTS—*On Affirmance of Decree on Appeal Except as to Inadvertent Error Not Called to Attention of Trial Court, Costs Will be Awarded to Appellee.*

Where a decree of a circuit court is affirmed upon appeal to this court upon all controverted questions, but is modified so as to correct an error inadvertently made, which was not called to the attention of the court below on motion to reverse the decree taken by default in that court, the appellee will be held to have substantially prevailed in this court, and costs will be awarded to him against the appellants on such appeal. (p. 530.)

Appeal from Circuit Court, Kanawha County.

Separate Suits by J. H. Abbot, Jr., and others, doing business as Abbot Bros., against Samuel E. Bowen and against Tressa Lee Bowen and another. Decrees were entered by default for plaintiffs, and motions by defendants under Barnes' Code, c. 134, §5, to reverse such decrees, were overruled, and defendants appeal. Decrees modified and affirmed.

*Modified and affirmed.*

98 W. Va.

*Chas. J. Van Fleet,* for appellants.
*Brown, Jackson & Knight,* for appellees.

WOODS, JUDGE:

J. H. Abbot, Jr., and others, doing business under the firm name and style of Abbot Brothers, instituted a suit in the circuit court of Kanawha county against Samuel E. Bowen for the purpose of enforcing a lien securing a debt evidenced by a certain assessment certificate, Serial No. 2689, issued by the City of Charleston. A similar suit was instituted against Tressa Lee Bowen and Samuel E. Bowen on certificate, Serial No. 2615. Decrees were entered by default for the plaintiffs. Motions, by defendants (appellants), under section 5, chapter 134, Barnes' Code, to reverse said decrees for errors apparent upon their face, were made in the court below and overruled.

Appellants allege (1) that the bills are insufficient on their face; and (2) that the decrees are erroneous because personal judgments were taken against them.

The bills allege, in substance, that the plaintiffs were the owners and holders of certain assessment certificates, to-wit, Nos. 2689 and 2615, respectively, issued by the City of Charleston, pursuant to the provisions of Sec. 88 of the Charter of said City, which certificates were issued to the Southern Engineering Company, the contractor that was awarded the contract for the paving, grading and improving of Columbia Boulevard in said City, according to said provisions of the charter; that the defendants were owners of two lots on Columbia Boulevard at the time and previous to the laying of the assessment, as shown by certified copies of deeds exhibited with the bills; that assessments were laid against said lots, and were duly recorded; that said assessments were each due and payable in ten equal payments, the first on or before the 30th day of April, 1922, and one of the remaining nine payments (of each certificate) on or before the 1st day of May, in each succeeding year thereafter, respectively, with interest on the balance of the whole assessments which from time to time remained unpaid; that the

first·two payments on each of the assessments are now due
and unpaid, though defendants have been requested to pay
same by the plaintiffs; that because of said defaults the face
amount of each of the assessment certificates, amounting to
$525.12 and $3,132.53, respectively, with interest thereon, have
become due and payable; that the same are valid and sub-
sisting liens against the lots with improvements thereon and
appurtenances thereunto belonging; and praying that said
lots may be sold to pay off and satisfy plaintiffs' claims.

The certificates referred to were exhibited with the bills
and made a part thereof. While exhibits cannot supply the
place of necessary allegations in the pleading, they may add
to the certainty of the averments with which they are prop-
erly connected and thereby relieve the pleading from the de-
fect of uncertainty. *Deane* v. *Macadam* & *Constr. Co.,* 161
Ind. 371. The debts here set up and method of their enforce-
ment are based solely upon a municipal statute. This court
takes judicial notice of all acts of the legislature, though lo-
cal and private, as appear to have been relied on in the court
below. *Groves* v. *County Court,* 42 W. Va. 587. Section 88
of the Charter of the City of Charleston, under which the
improvements were made, the certificates issued and the liens
created, is as follows:

"In addition to the method provided for paving
streets, by section sixty-one of the charter of the
City of Charleston, the Council may order any block,
street, avenue or alley, or portion thereof, to be
graded and paved, re-paved, or otherwise perman-
ently improved, and the council may order the
mayor and city clerk to issue to the contractor do-
ing the paving, or other permanent improvement, a
certificate for each installment of the amount of
the assessment to be paid by the owner of any lot
or fractional part thereof fronting on such street,
avenue or alley, and the amount specified in said
assessment certificate shall be a lien as aforesaid
in the hands of the holder thereof upon the lot or
part of a lot fronting on such street, avenue or
alley, and such certificate shall draw interest from
the date of said assessment and the payment may
be enforced in the name of the holder of said certifi-

cate by proper suit in equity in any court having proper jurisdiction to enforce such lien; the council shall fix the amount of such assessment, advertise for bids and do all other things in connection therewith as is provided for paving or permanently improving any street or alley or any portion thereof in section sixty-one, except that such assessment laid under this section shall include the whole cost of such improvement, including the cost of grading and paving squares at intersections of streets and of curbing, the costs of which intersections shall be apportioned against the several properties fronting upon the street or portion thereof so improved; and such certificates shall be issued in the same number of installments and payable at the same time as other paving or permanent improvements are provided to be paid for, and shall be a lien in the hands of the holder thereof upon the particular lot against which they are assessed in the same way and manner that assessments are liens under section sixty-one of said charter. And nothing contained in this act, or in the charter of the City of Charleston, shall be construed as imposing a time limit upon the enforcement by appropriate suit of any lien for public improvements, heretofore or hereafter created.

Such certificates as may be issued pursuant to this section shall contain a provision to the effect that in the event of default in the payment of any one of said certificates, when due, and said default continuing for a period of sixty days, then all unpaid certificates shall become due and payable and the holder of said certificates may proceed to collect all of such unpaid certificates in the manner hereinbefore provided.

Provided, that no street, avenue or alley shall be paved or otherwise permanently improved pursuant to this section except and unless two-thirds of all the members elected to the council shall concur in the passage of the ordinance providing therefor, and the vote thereon shall be taken by ayes and noes, and duly entered upon the record."

The allegations in the bills that the assessment certificates were duly issued pursuant to the terms and provisions of the

foregoing section of the charter, are statements in legal effect that everything required to be done by the City to give validity to the assessment certificates has been done. This presumption will obtain in the absence of any showing on behalf of the defendants to the contrary. The bills need not set forth minutely the steps taken by the City with regard to the work undertaken. *Pacific Paving Co.* v. *Bolton,* 97 Cal. 8. "Under some statutes compliance with the statute may be averred in general terms." Elliott on Roads & Streets, Vol. 2, sec. 760, citing: *Jonesboro* v. *Board,* 80 Ark. 316; *City of Waterbury* v. *Schmitz,* 58 Conn. 522; *Culligan* v. *Studebaker,* 67 Mo. 372; *Highlands* v. *Dallas,* 165 Ind. 710; *City of Parkersburg* v. *Tavenner,* 42 W. Va. 486. In the last case, which is controlling here, the Court held that it is only necessary, in a bill in equity to enforce such an assessment, to set out and allege a substantial compliance with the statute. The Court there said: "The position of the defendant that the allegations were not full enough to show that the plaintiff had complied with the requirements of the statute, is equally untenable. All that was required for the plaintiff to do was to allege that the work was done and the assessment made in pursuance of the statute, and it was not necessary to set out minutely every step taken by the officers of the municipality with regard to the work undertaken; but, if there was any necessary requirement omitted which operated injuriously to the defendant, she should have made this a matter of defense. The bill sufficiently alleges that the work was performed in accordance with the statute; that a true estimate thereof was made and assessed under plaintiff's supervision against the property in controversy; that the defendant was the owner thereof, and liable for the payment of the assessment. This she admits by her demurrer, and legally confesses by her failure to answer. The remedy by bill in equity is a creature of the legislature, and is rather a concession to the taxpayer, as giving him a day in court to present any just defense he may have. There is apparently no good reason why the defendant should not pay the assessment, and the decree is therefore affirmed." The words of the court just quoted apply with like effect to the defend-

ants' claims here that the bills are insufficient. Tested by the rule here announced by this Court, as well as that sustained by the current of authority elsewhere we hold the bills to be sufficient.

The second assignment of error relates to the enforcement of payment of the assessment. The proceedings for the enforcement of assessments are usually regarded as *in rem.* 28 Cyc. 1210. In the instant case only the specific property against which the assessment certificate is a lien can be subjected to sale to satisfy the debt. The decrees under consideration provide for personal judgments against the defendants. This is plainly error. However, it does not seem to have been called to the attention of the court below; it not being among the reasons assigned by the defendants on the motion for a reversal of the decrees. In *Moore* v. *Moore*, 87 W. Va. 9, it is held that where the decree of a Circuit Court is affirmed upon all controverted questions, but is modified so as to correct an error inadvertently made which was not called to the attention of the court below, and on account of which no objection was there made, the appellee will be held to have substantially prevailed in this Court, and the costs will be awarded to him against the appellant on such appeal. To same effect: *Sharp* v. *Kline*, 82 W. Va. 13; *Benedetto* v. *DiBacco*, 83 W. Va. 620; *Freeman* v. *Swiger*, 83 W. Va. 425.

The decrees of the Circuit Court will be modified by striking out the awards of personal judgments against the defendants, and, as so modified, affirmed with costs in this Court to the appellees.

*Modified and affirmed.*