# WHEELING.

## FORSYTH v. CITY OF WHEELING.

Submitted August 12, 1881.   Decided March 25, 1882.

1. A married woman brings a suit to have a new trustee appointed for property held to her sole and separate use, and at the same time prays for an injunction against the City of Wheeling to prevent it from opening a street through the trust-property. HELD:

   A demurrer does not lie to such bill upon the part of the city, (p. 321)

2. The statute of limitations applies as well to a municipal corporation as to individuals. (p. 322.)

3. Where the city was enjoined from opening such street but had previously done acts towards that end, the court should have ascertained the damages, which the complainant had sustained, either by one of its commissioners or by an issue *quantum damnificatus.* (p. 322 )

Appeal from and *supersedeas* to two orders of the circuit court of the county of Ohio rendered respectively on the 1st day of March, 1873, and on the 16th day of July, 1880, in a cause in said court then pending, wherein Ellen Forsyth was plaintiff, and the City of Wheeling was defendant, allowed upon the petition of said city.

Hon. Thayer Melvin, Judge of the First Judicial Circuit, made the orders appealed from.

The facts of the case are fully stated in the opinion of the Court.

*Geo. W. Jeffers,* for appellant, cited the following authorities:   Code, ch. 66, § 3 ; *Id.* ch. 104, § 3 ; *Id.* ch. 29, § 41 ; *Id.* ch. 31, § 34 ; Acts 1872-3, ch. 117, § 39 ; 7 W. Va. 223 ; 10 W. Va. 251 ; 20 Gratt. 679 ; 22 Gratt. 825 ; 26 Gratt. 291 ; 16 Cal. 203 ; 25 Cal. 172 ; 10 Ind. 117 ; 15 W. Va. 399 ; 9 W. Va. 215 ; 15 Gratt. 528 ; 113 Mass. 421, 422 ; 5 Gratt. 37 ; 4 Paige 509 ; 8 Ohio St. 23 ; 2 Johns Chy. 162 ; 101 Mass. 329 ; 12 N. Y. 105 ; 11 Gray 359 ; 2 Phillips 774 ; 9 Simons 377 ; 5 Pet. 278 ; 25 Gratt. 825 ; Gen. Laws Mass., ch. 46, § 1 ; *Id.* § 4 ; *Id.* ch. 138 ; 16 N. Y. 107 ; 12 W. Va. 36 ; 24 Gratt. 149 ; *Commonwealth & Norfolk* v. *Chamberlain,*

29 Gratt. —; *Id.* 780 ; *City of Richmond* v. *Poe*, 24 Gratt. —; 3
Md. 480; 160 Pa. St. 73; 14 Md. 346; 3 Green. ch. 271; 84
Ill. 313; 85 Ill. 431; 16 Fla. 261; 2 Dillon §§ 503–505; 64
N. Y. 65; 1 Gray 203; 67 Me. 468; 74 Ill. 409; 10 Mich.
335.

*William Erskine* for appellee cited the following authori-
ties: 8 Gratt. 632; Angell on Highways §§ 161–163; 19
Ohio St. 238; 4 Me. 154; 6 Mich. 176; Wood' Law of
Nuisances § 249; 4 Call 374; 1 R. I. 93; 12 B. Mon. 617;
3 Rand. 572; 15 Gratt. 528; 5 Pet. 278; 10 W. Va. 287;
24 Gratt. 195; 31 Mich. 535; 13 Ohio St. 267; 113 Mass.
441; 13 N. Y. 97; Kerr Inj. 295, 296; 12 B. Mon. 610; 113
Mass. 421; 103 Mass. 516; 16 N. Y. 111.

*Daniel Lamb* for appellee cited the following authorities :
102 Mass. 154; 20 Gratt. 797; 5 Pet. 278; 10 W. Va. 287;
113 Mass. 421, 422; 108 Mass. 259; 24 Gratt. 195; 22 Gratt.
824, 825; 20 Gratt. 680; 5 Gratt. 37, 38; 31 Mich. 535; 13
Ohio St. 267; 8 Ohio St. 24; 15 Gratt. 528; 3 Rand. 572–
574; 4 Paige 509; 3 Paige 254; 2 Johns. Chy. 162; 26 N.
Y. 105; 11 Gray 359; 101 Mass. 529; *Id.* 531; 2 Phillips
774; 5 De G. & M. & G. 1; 9 Sim. 196; 15 Sim. 377; Law
R. 2 Chy. App. Cas. 72; Law R. 6 Eq. 265, 266; 4 Myln.
& Cr. 254, 255; 1 Eng. R. Cas. 153, 154; 4 *Id.* 619; Kerr
Inj. 295, 296; 25 Gratt. 828; 4 Johns. Chy. 53; 12 B. Mon.
610; 25 Gratt. 833; 16 N. Y. 99; 8 Am. Railway R. 256;
17 Minn. 215 (S. C.); 19 Ind. 326; 48 Ind. 178; 17 Conn.
65; 12 Wis. 16; 18 Ia. 259; 4 Ia. 343; 4 N. J. Eq. 47; 54
Pa. St. 38; 16 N. Y. 111; 8 Rich. Eq. 46; 17 W. Va. 396.

PATTON, JUDGE, announced the opinion of the Court:

On the 2d day of January, 1872, Ellen Forsyth, wife of
James H. Forsyth, by her next friend, Daniel Lamb, filed
her bill in the circuit court of Ohio county alleging, that on
the 6th of March, 1828, her husband conveyed to trustees for
her sole and separate use certain lots in the town of Wheeling;
that the trustees had all long since died; that the legal title to
these lots was in the heirs at law of the trustee, who last sur-
vived, one Johnson; that Thomas Johnson, the only known

heir at law, was a non-resident of the State; that the City of Wheeling was about to open a street through these lots without any proceeding to ascertain the just compensation to be paid therefor and had ordered its officers and agents to take, occupy, grade, curb and prepare said street for public use, as a street and public highway, and to open and appropriate the same for that purpose regardless of the rights of the complainant and her trustees ; that said officers and agents will do so, unless enjoined by the court. The prayer of the bill is, that a trustee be appointed by the court in lieu of the heirs at law of Thomas Johnston Sr., and that the City of Wheeling be enjoined from opening said street.

The City of Wheeling demurred to the bill (which demurrer was overruled by the court) and answered claiming, that it had a right to open said street, it having been dedicated to public use by the legal owner of the property anterior to the seizin of James H. Forsyth; and that its rights in that regard were determined and settled by a certain act of the General Assembly of Virginia passed on the 29th of January, 1824, which authorized the county court of Ohio county to appoint five commissioners, to ascertain by actual survey the true divisions, metes and bounds of all such streets, walks, alleys and lots in the said town of Wheeling, as by an order of the mayor and commonalty they shall be directed to survey and mark, and shall make or cause to be made a correct plat of said survey so made, and the same shall sign with their own proper hands and seals and lodge in the clerk's office of the county court of Ohio county there to be recorded; which return and survey so duly made and recorded shall in all future litigation concerning such boundaries, streets, walks, alleys and lots be deemed, held and taken as full evidence and conclusive between the parties from and after the 1st day of April, 1835 ; that the dedication to the city of said street by the former owner was evidenced by a plat showing these and other lots and the said street, which plat was recorded September 6, 1825; that commissioners were appointed under said act of Assembly, who made a survey and plat designating this street amongst others as one of the streets of the city, which survey was recorded in September, 1870, although made in 1829.

A good deal of testimony was taken in the case ; and on the

6th day of July, 1880, the court entered its decree appointing a commissioner to execute a deed to the complainant for said lots, and perpetually enjoining the city of Wheeling from opening said street.

The city of Wheeling appealed to this Court.

The first question is: Was the demurrer to the bill properly overruled? There can be no question, that equity has jurisdiction under the facts of this case to order a conveyance of the property to another trustee, and under the statute to the party herself; and no question is raised on that subject. But it is claimed, that the city of Wheeling was improperly made a party to the bill. This question has been repeatedly determined by this Court. While a person or corporation will not be enjoined from committing a mere trespass, the remedy at law being complete and adequate, yet where any act is about to be done permanent in its nature and affecting the very substance and value of the plaintiff's estate, a court of equity will interpose by injunction to prevent the act. *Pierrepoint* v. *Coms. of Harrisville*, 9 W. Va. 215; *City of Wheeling* v. *Campbell*, 12 W. Va. 36; *Keystone Bridge Co.* v. *Summers*, 13 W. Va. 476; *Mason* v. *Harper's Ferry Bridge Co.*, 17 W. Va. 396. It was proper in this case, that the complainant in seeking to have the legal title to this property so placed, that she would be in a condition to protect her interests in the threatened damage to that property by the opening of a street through it, and in resorting to a court of equity for that purpose, to ask for that relief by way of injunction, that she would unquestionably have been entitled to in another suit. If the city could not be enjoined from opening this street, Mrs. Forsyth might have been put to an action at law every week, and at the end of numerous actions would have been as remediless, as she was in the beginning, so far as the appropriation of her property was concerned. The court below properly overruled the demurrer.

It appears from the evidence, that from 1822, the time when James H. Forsyth became entitled to this property by deed, to the time of this litigation, he and his grantees have been in the actual, exclusive, continued, open and notorious possession of said lots and that portion of them now claimed by the city for a street, and from the time of the alleged ded-

41

ication the city has never asserted any claim to said street, but the ground covered by it has been enclosed and in cultivation as a garden, flowers have been planted, grapes cultivated, trees set out and the ground otherwise used in such manner, as indicated to the whole world an exclusive claim to it by the Forsyths. The street was never opened or attempted to be opened for a period of nearly fifty years. The deeds to the property preceding the deed to Forsyth in the description of the property do not refer to such street but on the contrary give such description of it, as excludes the idea of such street, and the city bases its claim upon the supposed dedication and the act of the General Assembly without discussing, whether that dedication was available, because there was no acceptance of it by the city, or what was the effect of the act of assembly, and the survey and plat of the commissioners acting under it.

I consider the case of the *City of Wheeling* v. *Campbell,* 12 W. Va. 36, as conclusive of this case. There it was held, that the statute of limitations applied as well to municipal corporations as to individuals. Assuming it to be true, that originally by virtue of the alleged dedication and the act of Assembly the City of Wheeling was entitled to open said street, in my view of it by the lapse of time it has lost that right, and the complainant has become vested with the complete title to the property as against the city. The court did not therefore err in enjoining the city from " molesting or disturbing the complainant, her heirs or assigns in the use, enjoyment or disposal of said ground or any part of it," but said order of injunction should have provided, that it continue until the said city had obtained the right to the use and possession of said property by regular condemnation proceedings or otherwise, and the decree in that respect should be corrected and affirmed.

By way of cross assignment of error it is claimed by the appellee, that she is not only entitled to such injunction but to compensation for the damages to her rights in the opening of said street. It appears from the evidence, that about the time of the commencement of this suit the city threw down the enclosures and opened the ground to public use, and has continued during the pendency of this litigation to use said prop-

erty as a street.   On the familiar principle, that a court of equity having taken jurisdiction of the subject-matter will settle all the rights of the parties involved in that subject-matter, and will not send the parties to other tribunals to settle different matters involved, it was error not to have ascertained by a commissioner of the court or an issue *quantum damnificatus* the amount of damages, which the complainant was entitled to by reason of the acts of the city in its wrongful interference with the property of the complainant.   *Winslow* v. *Nayson,* 113 Mass. 421; *Creeley* v. *Bay State Brick Co.,* 103 Mass. 514; *Bird* v. *The W. & M.ᵗR. R. Co.,* 8 Rich. Eq. 46; *Mason* v. *Harper's Ferry Bridge Co.,* 17 W. Va. 396.

I am of opinion to affirm said decree after the correction before stated, so far as it enjoins said city from molesting or disturbing the appellee, her heirs and assigns in the use, enjoyment or disposal of said ground or any part of it; but so much of said decree, as refused to provide for ascertaining the damages sustained by the complainant in the premises, must be reversed, and this cause must be remanded to the court below with instructions to refer the same to a commissioner of the court to ascertain, what damages the appellee sustained by reason of the acts of the city in so wrongfully opening and using said street.   The decree in other respects is affirmed with costs to the appellee, as the party substantially prevailing.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED IN PART AND REVERSED IN PART.

CAUSE REMANDED.