# WHEELING.

## FOREST v. STEPHENS.

Submitted January 24, 1883—Decided March 31, 1883.

A decree having been rendered in favor of the appellee upon a bill taken for confessed against the appellant, who never appeared in said cause, is a decree by default; and whatever errors there may be in said decree, could have been corrected by the court, which rendered the same, upon motion, in the manner prescribed by the 5th section of chapter 134 of the Code of West Virginia; and no such motion having been made, as required by the 6th section of said chapter, an appeal and *supersedeas* allowed to such decree must be dismissed, as improvidently awarded.

Appeal from a decree, with *supersedeas* to a portion thereof, of the circuit court of the county of Mason, rendered on the 13th day of May, 1881, in a cause in said court then pending, wherein J. G. Forest was plaintiff, and Washington Stephens and others were defendants, allowed upon the petition of the said Stephens.

Hon. F. A. Guthrie, judge of the seventh judical circuit, rendered the decree appealed from.

WOODS, JUDGE, furnishes the following statement of the case:

In this cause the appellee, who was plaintiff below, filed his bill in the circuit court of Mason county at the April rules 1881 against the appellant, Washington Stephens, who was the principal defendant below, and others, alleged to be his creditors having judgment and trust-liens upon his lands, alleging that he had obtained two judgments against said Washington Stephens, as follows: one for thirty-eight dollars and fifteen cents including interest and costs, and one for thirty-nine and forty-two cents and fifteen dollars and thirty cents costs; that the other defendants had other judgments and trust-liens against him, all of which were subsisting liens on a tract of one hundred and fifty acres of land owned by him, and praying that the amounts and priorities of said

liens might be ascertained, and the land sold to satisfy the same.    At May rules 1881, said bill was taken for confessed, the defendant, Washington Stephens, failing to appear or make any defence thereto; and at the May term, 1881, of the said circuit court the said cause was heard upon the bill so taken for confessed, and the court ascertained the said liens, fixed their priorities and decreed a sale of said land to satisfy to said lienors, including the said plaintiff, the amounts so ascertained to be due to them respectively, and appointed a commissioner to sell the said land upon the usual terms.

From this decree the said Washington Stephens obtained an appeal and *supersedeas* to this Court.

*Henry J. Fisher* for appellant cited the following authorities:    Code, ch. 124 § 5; 3 W. Va. 386; 16 W. Va. 648; 17 W. Va. 670; 12 W. Va. 113; 28 Gratt. 646; 13 W. Va. 462; 3 W. Va. 423; 14 W. Va. 395.

*Menager & Hogg* for appellee cited 6 W. Va. 196, 7 W. Va. 593, 16 Gratt. 136 and 21 Gratt. 107.

WOODS, JUDGE, announced the opinion of the Court:

The appellant has assigned various errors, in the said decree, which are not necessary to be now considered, because, first, the decree complained of is a decree by default, and the alleged errors, if errors they be, could have all been corrected upon motion, by the said circuit court according to the provisions of the fifth section of chapter one hundred and thirty-four of the Code of West Virginia; and, secondly, because the said sixth section of said chapter expressly provides, that no "appeal, writ of error or *supersedeas* shall be allowed, or entertained by an appellate court or judge, for any matter, for which a judgment or decree is liable to be reversed or amended on motion, by the court which rendered it, or the judge thereof, until such motion be made and overruled in whole or in part."

The errors complained of being such, as might have been so corrected, and the appellant having failed to make such motion in said circuit court, the said appeal and *supersedeas*

allowed to the said appellant cannot be maintained. This is no longer an open question in this State, as this Court has repeatedly passed upon it, as will appear from the following cases: *Baker, &c.* v. *Western Mining & Manufacturing Co.*, 6 W. Va. 196; *Dickenson Ex'r* v. *Lewis*, 7 W. Va. 673; *Adamson* v. *Peerce*, 20 W. Va. 59.

We are therefore of opinion and accordingly adjudge, order and decree, that the said appeal and *supersedeas* be dismissed, as having been improvidently awarded, and that the appellant pay to the appellee, J. G. Foster, his costs by him about his defense in this behalf expended.

THE OTHER JUDGES CONCURRED.

APPEAL DISMISSED.