# CHARLESTOWN.

## STATE *v.* SLACK.

Submitted September 10, 1886.—Decided September 18, 1886.

1. All judgments, where there has been no appearance by the defendant, are judgments by default within the meaning of sec. 5, of ch. 134 of the Code. (p. 375.)

2. Sec. 5, of ch. 134 of the Code includes judgments for fines in misdemeanor cases, as well as judgments in civil cases, where such judgments are entered by default.  (p. 375.)

3. S. was indicted for selling spirituous liquors, and the summons was served on his wife. He did not appear, and judgment was rendered against him for a fine. He made no motion under ch. 134, to reverse the judgment but obtained a writ of error from the Appellate Court. His writ of error was dismissed as improvidently awarded    (p. 375.)

*McCoy & Jacob* for plaintiff in error.

*Alfred Caldwell*, Attorney-General, for the State.

JOHNSON, PRESIDENT :

On October 13, 1885, A. V. Slack was indicted in the circuit court of Pleasants county for selling spirituous liquors contrary to law. The court directed a summons to issue against the defendant to answer the indictment. The summons was served by delivering a copy thereof to the wife of the defendant. The defendant did not appear to answer said indictment. On March 8, 1886, the following order was entered in the case : "This day came the attorney for the State, and it appearing to the court, that the defendant A. V. Slack has been duly summoned in this case and failing to appear, answer or plead to same, then comes a jury to-wit," naming the jurors. The jury was sworn to try "whether or not the said defendant is guilty as in the said indictment against him is alleged and a true verdict render according to the evidence." The jury returned a verdict of "guilty," "whereupon the court assessed his fine at $20.00 ; it is therefore considered by the court that the State of West Virginia recover of the defendant the aforesaid sum of $20.00 fine and her costs about her prosecution in this behalf expended." The defendant made no motion in the court below under ch. 134 of the Code to have the judgment reversed but applied to this Court for a writ of error, which was granted.

The Attorney-General moves to dismiss the writ of error as improvidently granted insisting that the said judgment was rendered by default, and that no motion was made in the court below as authorized by sec. 5 of ch. 134 of the Code. This motion is here resisted by counsel for plaintiff

in error, who insists that the so-called judgment is a nullity and does not amount to a judgment by default, and that the only escape from it is by writ of error. If the judgment is a nullity, there seems to be no good reason, why it could not as easily be set aside by the circuit court as by this Court. Judge Allen in *Davis, sheriff* v. *Commonwealth*, 16 Gratt. 134, said for the court: "The statutes in relation to this subject of jeofoils are remedial and should receive a liberal construction. We have seen that the legislature has been gradually extending the power of the court rendering the judgment, or the judge in vacation to correct mere clerical errors, and reverse judgments for errors in the proceedings at rules, &c., to which the attention of the court had not been called. * * And the Code still extending the remedy, gives to the court which renders the judgment, or to a judge in vacation, authority to reverse a judgment by default for any error for which an Appellate Court might reverse it. The object of the legislature was, to save the parties the delay and costs of an appeal to correct such irregularities and formal errors— errors which seldom affect the merits of the controversy and which would have been corrected at once by the court if pointed out."

It is true that in the above case the judge said: "The term judgment by default applies strictly and technically to actions at common law only." Yet we must remember that at that time no judgment by default could be rendered in a misdemeanor case. Now such judgment is provided for. Sec. 20, ch. 158 of the Code. Whether that act is constitutional or otherwise will not now be considered.

I think the legislature had another object in enacting ch. 134, and that was to prevent needless trouble to the Appellate Court and to do justice to the court rendering the judgment. Where there has been no appearance by the defendant, of course the errors, that appear in the record, have not been pointed out to the court, and it is simple justice to the circuit court in such a case to give it an opportunity upon the error being pointed out to pass upon the question, before it can be taken to the Appellate Court.

Does ch. 134 apply to a judgment for a fine in a misdemeanor case? Certainly the same reasons apply to such a

judgment as to a judgment in a civil case.   It would be hard on a man, who has been fined $10.00 in a misdemeanor case, in which he had not appeared, to deny him the right to point out to the circuit court an error committed therein, which he might do at small expense, and to compel him at far greater expense to take his case to the Appellate Court to have the supposed error corrected.   The statute is very broad; the language is :   "The court in which there is a judgment by default, &c."   This is certainly a judgment, and it is a judgment by default, for it has been many times held with reference to this statute, that "all judgments, where there has been no appearance by the defendant, are judgments by default within the meaning of sec. 5 of ch. 134 of the Code." (*Davis, sheriff* v. *Commonwealth,* 16 Gratt. 134 ; *Baker* v. *Manufacturing Co.,* 6 W. Va. 196 ; *Meadows* v. *Justice, Id.* 198 ; *Dickinson* v. *Lewis,* 7 W. Va. 673 ; *Smith* v. *Knight, sheriff,* 14 W. Va. 749 ; *Adamson* v. *Peerce,* 20 W. Va. 59 ; *Forest* v. *Stevens,* 21 W. Va. 316 ; *Midkiff* v. *Lusher,* 27 W. Va. 439).

The writ of error is dismissed as improvidently awarded.

DISMISSED.