# CHARLESTON.

OVID B. WHITE *v.* WILLIAM H. KELLY.

Submitted January 14, 1920. Decided January 20, 1920.

1. REFORMATION OF INSTRUMENTS—*Equity Jurisdiction to Reform Lease Not Embodying All of Lessor's Covenants.*

    Where the parties to a lease contract have fully agreed upon the terms and provisions thereof, and the lessee has entered into the possession of the leased premises, and by the mutual mistake of the parties, or mistake of one and the fraud or

inequitable conduct of the other, the written lease subsequently prepared and presented by the lessor does not in fact embody all the covenants of the lessor, equity has jurisdiction to reform and make the lease cover the contract actually agreed upon.   (p. 369).

2.   LANDLORD AND TENANT—*Reformation of Instruments—Lessor's Breach of Covenant to Repair Gives Lessee no Equitable Lien for Repairs Made But He May Recover Damages for Breach.*

When repairs or improvements impermanent in character which the lessor covenanted to make are made by a lessee in such lease in the absence of any specific provision of the lease so providing the lessee acquires no equitable lien on the premises therefor but the court having jurisdiction to reform the lease may go on and decree to the lessee damages as for the breach by the lessor of his covenant to make such repairs. (p. 370).

Certified Questions from Circuit Court, Ohio County.

Bill by Ovid B. White against William H. Kelly.   Demurrer to bill sustained, and question certified.

*Reversed.   Demurrer overruled.*

*McCamic & Clarke,* for plaintiff.

*Wm. B. Casey,* for defendant.

MILLER, JUDGE:

The bill is by lessee against lessor to reform and correct the written lease so as to make it conform to and contain the covenants and agreements actually made between the parties.

The three questions certified involve practically the one question, namely, the sufficiency of the bill on demurrer to warrant the relief prayed for.   On demurrer all facts well pleaded are admitted to be true.

The substance of the bill is that on or about April 8, 1918, plaintiff and defendant entered into a contract whereby defendant leased to plaintiff a house and lot with garage thereon, No. 122 Oak Avenue, Echo Point, Ohio County, for the term of two years, which contract was to be reduced to writing and signed by the parties and whereby the lessor agreed that he would put said house and premises in good order and repair and in a habitable condition; that he would paper all the rooms including the attic, and would paint all the floors, to suit the

lessee; that he would also repair the water pipes on said premises, and would himself lease from the lessee the garage on the premises for the months of May and June at a rental of $5.00 per month; but that when the written lease was subsequently prepared by defendant and presented by him to plaintiff, plaintiff called his attention to the absence of the specific covenants aforesaid, whereupon defendant called plaintiff's attention to other provisions in the lease which he explained to plaintiff required him to make said repairs in accordance with the specific terms of the contract agreed upon, and that defendant being experienced in such matters and plaintiff comparatively ignorant thereof and relying on the explanation of the defendant and his protestation that the lease as prepared did by its terms bind him to make the repairs as agreed upon accepted said lease, whereby, by the mutual mistake of the parties thereto, on the part of the plaintiff by act of the defendant in explaining and insisting that the lease as prepared and submitted bound him to perform said covenants, and on the part of the defendant by his expressed intentions and representations that the provisions of said lease so bound him.

The bill further alleges that the defendant thereafter repeatedly promised to comply with and fulfill the said covenants to repair said house and premises but though professing in the beginning and afterwards to be thereby bound to do so, he had wholly failed and neglected to perform his said obligations in the premises and finally instructed plaintiff to make said improvements at defendant's expense and that in order to render said house and premises in good order and repair and in a habitable condition and rid the same of the bed bugs and other vermin with which they were inhabited he was compelled at his own cost and expense to do the things in and about the said house and premises which the defendant had contracted and covenanted to do, incurring therein an outlay of $144.80 for which he alleges he has an equitable lien on the property, and which among other things he seeks to enforce in this suit.

The prayer of the bill is that the lease so prepared and reduced to writing by defendant may be reformed and corrected by the insertion therein of the covenants so omitted by mistake, and that plaintiff may be decreed and have enforced an

equitable lien against the property, of which he is still in possession, for the sum of $144.86, the amount of his expenditures with interest, and he also prays for such other relief, special or general, as to equity may seem meet and proper.

The court below was of opinion that a case of mutual mistake was not presented by the bill, nor any case calling for equitable relief, but on the contrary that plaintiff's remedy if any was at law on the special contract alleged that plaintiff should make the repairs at his expense and defendant's implied promise to pay him therefor, and that defendant's demurrer thereto should be and was sustained.

The correctness of these rulings have been certified to us for our opinion thereon. If the contract was as the bill alleges and as the defendant by his demurrer admits, and defendant did. agree to make the repairs on the property and both parties were of opinion that the contract in writing prepared and presented by defendant to plaintiff bound defendant according to the contract to make the repairs contemplated and agreed to, but that both were mutually mistaken therein, and does not as the bill in effect alleges in terms or impliedly bind defendant, a court of equity has jurisdiction to reform and correct the writing so as to make it conform to the contract actually entered into, regardless of whether the plaintiff may have another remedy, notwithstanding the mistake, strictly speaking, was one of law rather than one of fact. The failure of the writing to fully cover the actual contract made, as both parties supposed and believed, was in effect one of fact and constituted a mutual mistake. And this rule or principle governs also where the mistake in writing was the result of a mistake of one of the parties accompanied by the fraud or inequitable conduct of the other party thereto. 4 Pom. Eq. Jur. (4th Ed.) § 1376; 2 Pom. Eq. Jur. (4th Ed.) §§ 845, 839, 847; 1 Story's Eq. Jur. (14th Ed.) §§ 173, 174, 175; *Crislip* v. *Cain,* 19 W. Va. 438, Syl. 12; *Froyd* v. *Schultz,* 260 Ill. 268, Ann. Cas. 1914 D, p. 227 and notes.

This rule and its limitations and its application to individual cases is elaborately considered and defined in the recent editions of the leading text writers on equity jurisprudence first cited, not only with reference to the English and American cases, but in 1 Story's Eq. Jur., §173, *supra,* in a note, with particular

reference to the leading case of *Hunt* v. *Rousmanier's Admrs.*, 21 U. S. 174, 5 Law Ed. 589; 26 U. S. 1, 7 Law Ed. 27. As the annotator in the note shows, there has been much controversy in the case over what was actually decided in the Rousmanier Case. Without going into this controversy, however, we think it well settled by the authorities that equity has jurisdiction to reform an instrument which does not in law fulfill the intention of the parties.

The rule or principle invoked and applied as the text writers and courts say constitutes no infraction of the maxim, ignorance of the law excuses no one, nor the rules referred to by Judge BRANNON in *McCormick* v. *Jordon* 65 W. Va. 86 89, for instance, that you cannot alter or deny a written contract by oral evidence, and that conversations, negotiations and interlocutions between the parties before the making of a written contract cannot be used to qualify or contradict it. The bill presents no such a case. It alleges a previous contract, the terms of which were fully agreed to, and that the contract subsequently submitted by defendant was believed to cover the contract, but does not in law do so. Is it subject to reformation so as to make it conform to the contract? We think the authorities hold it is, and if the case as pleaded is sustained by evidence the lease contract ought, in justice, to be so reformed as to fully cover the contract. It is unnecessary here to further review the authorities or elaborate on the principles involved, so ably done by the text writers and authorities cited.

As equity has jurisdiction to reform the lease on the showing made by the bill, on well recognized rules it may go on and do complete justice by also decreeing to plaintiff relief by way of damages for the breach or breaches of defendant's covenants, but not by decreeing and enforcing an equitable lien on the property for the cash or value of the improvements made. The law of equitable liens does not apply in the case of such impermanent improvements as the contract alleged contemplated, but only to improvements of a permanent character adding to the value of the property. 16 R. C L. p. 798, Sec. 294; *Gardner* v. *Summers*. 116 Cal. 4; *Phillips* v. *Reynolds*, (Wash.) 72 Am. St. Rep. 107; *Conover* v. *Smith* (N. J.) 86 Am. Dec. 247.

For the foregoing reasons, we reverse the decree of the circuit court on the demurrer to the bill, overrule said demurrer and certify our action to the court below.

*Reversed; demurrer overruled.*