R. M. LAY *et al. v.* ROBERT PHILLIPS *et al.*

(No. 8030)

Submitted January 15, 1935. Decided February 12, 1935.

*Carl C. Sanders* and *Clarence W. Meadows*, for appellants.
*Dillon, Mahan & White*, for appellees.

LITZ, PRESIDENT:

Mary King died June 20, 1930, seized and possessed of one-half undivided interest in and to lots 14, 15, 21, 22, 23 and 24 in section 4 of Sherwood Heights Addition to the town of Mount Hope, Fayette County, West Virginia; the remaining interest being owned by her husband, Morris King. She willed him her estate. October 20, 1930, Morris King, in consideration of $5.00, paid, conveyed to Nancy Phillips numbers 21, 22, 23 and 24 of said lots, and four days later he conveyed to her lots 14 and 15, in consideration of $5.00, and the assumption by her of a mortgage debt against the two lots in

favor of Mount Hope Building & Loan Association. By deed dated December 9, 1930, Nancy Phillips and Robert Phillips, her husband, in consideration of $100.00 and ''other valuable considerations'', conveyed the six lots to R. M. Lay, with covenants of general warranty of title. By deed of like date, R. M. Lay and Myrtle Lay, his wife, conveyed the property to G. C. Trail, trustee, in trust to secure the payment of a negotiable promissory note, evidencing the deferred purchase price, executed by the Lays and payable to the Phillipses, at the Bank of Raleigh, Beckley, West Virginia, four months from date, in the sum of $5,900.00; the deed further providing that the note shall be paid in monthly installments of $100.00 each, and that in default of any payment, the residue shall become due and payable. The trustee, having advertised the property for sale upon default of the makers to pay the note, in accordance with the terms of the trust deed, this suit was instituted January 6, 1932, by R. M. Lay and Myrtle Lay against Nancy Phillips, Robert Phillips, G. C. Trail, trustee, Morris King and the creditors of Mary King, deceased, to enjoin the sale, ascertain the liabilities against the property, and for general relief. Upon the filing of the answer of defendants, Nancy and Robert Phillips, the cause was referred to a commissioner to ascertain and report, *inter alia*, the liabilities and respective priorities, against the property.

The commissioner reported that Nancy Phillips is the equitable owner of the property under a contract between her and the Lays by which they agreed to reconvey to her. He further reported as liens against the interest formerly owned by Mary King, in addition to claims admittedly assumed by Nancy Phillips, debts of Mary King, as follows: $302.31 in favor of Sandstone Lumber Company and $63.71 in favor of W. P. Broyles. An order was entered April 28, 1934, confirming the report and directing sale of the property to satisfy the liens and costs.

Appellants, Nancy and Robert Phillips, contend: (1) that the ascertainment and satisfaction of claims against the estate of Mary King are not within the legitimate purposes of the suit; (2) that the property in controversy is protected against the debts of Mary King by section 5, chapter 86,

Code 1923, providing that land conveyed by an heir or devisee shall not be liable for the debts of the estate "if at the time of the conveyance the purchaser have no notice of the fraudulent intent on the part of the grantor", etc.; and (3) that it is improper to assess the costs of the suit against the property.

The bill shows numerous liens against the property, antedating the deed from Phillipses to R. M. Lay, including the debts of Mary King, and that by reason of alleged credits on the purchase price thereof, no payments are due under the trust deed. The answer of Nancy and Robert Phillips denies that Lays are entitled to any credits on the purchase price, and avers that Phillipses have returned to Lays the consideration paid by the latter to the former on the purchase price of the property, under an agreement by Lays to reconvey the land to Nancy Phillips. The answer further states that Phillipses "are now and have been at all times since they acquired title to said property from the said Morris King, ready and willing to pay off and discharge any just debts that are due against the same, or any debts to which the property of said Mary King was subject at the time of her death." It will be observed that the commissioner reported in accordance with the averments of the answer of defendants, Nancy and Robert Phillips, by sustaining the alleged agreement of Lays to reconvey the property to Nancy Phillips, and reporting the debts of Mary King as liens against the interest therein formerly owned by her. No exception was filed to the report. As the interest in the property formerly owned by Mary King was subject to her debts, the ascertainment and satisfaction thereof for protection of plaintiffs were germane to the purposes of the bill. The creditors of Mary King, having been therefore properly brought into the case, are entitled to the relief decreed in their favor. "When a court of equity takes jurisdiction of a cause for one purpose, it will go on and dispose of the questions involved to avoid a multiplicity of suits." *Chrislip* v. *Teter*, 43 W. Va. 356, 27 S. E. 288.

No exceptions having been taken to the commissioner's report, the second point of error is without merit even if the admission in the answer be ignored. The evidence before the

commissioner cannot be considered. *Kester* v. *Lyon*, 40 W. Va. 161, 20 S. E. 933. Moreover, the evidence justifies the finding of the commissioner.

The costs of a suit are a proper charge against the property. *McCartney* v. *Campbell*, 115 W. Va. 752, 177 S. E. 783, recently decided by this court. The allowance and apportionment of costs are ordinarily in the discretion of the trial chancellor. *Stannard Supply Co.* v. *Delmar Coal Company*, 114 W. Va. 465, 174 S. E. 319.

The decree is, therefore, affirmed.

*Affirmed.*