ROBERT ROUSH *v.* EDA SEIGRIST *et al.*

(No. 8612)

Submitted March 1, 1938.   Decided March 15, 1938.

F. G. *Musgrave* and *Somerville & Somerville,* for appellant.

*Stephen K. Vaught* and *J. G. F. Johnson,* for appellees.

HATCHER, JUDGE:

A decree, entered upon the bill taken for confessed, was set aside on motion of defendants at the following term of court.

The bill presented this cause. George Seigrist borrowed from an Ohio bank $600.00 on a note with plaintiff as endorser. George applied this money, gratuitously, to the construction of a building on land owned by his mother, Eda Seigrist. The "debt" was carried in the Ohio bank "for quite a while" and then "was transferred" to a West Virginia bank. Sometime, the date not shown, George paid $100.00 on the note. Sometime later, the date again not shown, he was confined in the penitentiary. Plaintiff paid the remaining $500.00. George had no property when he secured the loan and has none now from which $500.00 can be made. His financial condition was known to Mrs. Seigrist, who also knew of and consented to the erection of the building. Plaintiff charged that he became a creditor of George and that this diversion of the borrowed money to his mother's property was done with intent to defraud. The bill prayed for a lien of $500.00 on her land, and in case she did not pay the lien, for sale of the land to satisfy it. The decree granted the prayer of the bill.

The reasons advanced in the notice of motion to vacate the decree were insufficient, and are not urged seri-

ously now by counsel. Plaintiff's motion to quash the notice should have been sustained. But the failure to do so is not material, since the circuit court was not circumscribed by the notice, and upon the motion to reverse the decree, could do so "for any error for which an appellate court might reverse it." Code, 58-2-4. The circuit court "in passing on a motion under that section sits as an appellate court over its own judgment (or decree) and may reverse, amend or correct it in all respects the same as an appellate court." *Citizens' Nat. Bank* v. *Dixon*, 94 W. Va. 21, 29, 117 S. E. 685, 688. Counsel for defendants contend that the bill does not state good cause for equitable relief, and since this court could have reversed the decree for that reason, the circuit court could do so likewise.

The facts alleged do not show affirmatively that George intended to defraud the plaintiff. On the contrary, the allegation that George repaid $100.00 of the loan, and the allegation showing that his inability to pay further is not voluntary, tend to negative such intention. Plaintiff is regarded in equity as George's creditor from the time he became surety. *U. S. Fidelity & Guaranty Co.* v. *Centropolis Bank*, 17 F. (2d) 913, 916, 53 A. L. R. 295; Pingrey, Suretyship and Guaranty (2d Ed.), secs. 2a, 162, 174; Brandt, *idem*, (3d Ed.), sec. 228; 50 C. J., subject Principal and Surety, sec. 394. Under Code, 40-1-3, a gift is voidable as to an existing creditor of the donor, irrespective of covinous intent, because voluntary. *Edwards Mfg. Co.* v. *Carr*, 65 W. Va. 673, 64 S. E. 1030. But if the creditor assents to the gift, he loses his statutory prerogative. Herman, Estoppel, Par. 735; Bigelow, Fraud. Conv., Ch. XVI, Par. 3; 27 C. J., *idem*, sec. 130; *Willison Audit & System Co.* v. *Holden*, 101 W. Va. 310, 133 S. E. 630. The bill does not state when the money was borrowed, when plaintiff learned the building had been constructed, nor when he paid off the note. The bill does allege, however, that the lumber used in the construction was procured and paid for in 1931. The bill was filed in January, 1936. It does not explain plaintiff's inaction between 1931 and 1936. "Delay in the

assertion of a right, unless satisfactorily explained \* \* \* operates in equity as an evidence of assent, acquiescence or waiver." *Trader* v. *Jarvis,* 23 W. Va. 100. And a bill is demurrable which shows such delay for a number of years, and offers no excuse therefor. *Badger* v. *Badger,* 2 Wall. 87, 94-5, 17 L. Ed. 836; *Phillips* v. *Piney Coal Co.,* 53 W. Va. 543, 44 S. E. 774, 97 Am. St. Rep. 1040; *Mc-Mullin* v. *Matheny,* 104 W. Va. 317, 140 S. E. 10. The bill herein is therefore insufficient on demurrer, and does not sustain the default decree. "To support a decree *pro confesso,* the bill upon its face must state a good cause for equitable relief." *Morgan* v. *Ice,* 80 W. Va. 273, 92 S. E. 340. Accord: *American Realty* v. *Lopinsky,* 101 W. Va. 742, 133 S. E. 618. The authority of the circuit court to set aside such a decree, not thus supported, is confirmed by a long line of decisions. See *Ferrell* v. *Camden,* 57 W. Va. 401, 50 S. E. 733; *Central Trust Co.* v. *Mullens Realty & Ins. Co.,* 107 W. Va. 650, 150 S. E. 12, and intervening cases.

Moreover, the statute itself gives no lien against the donee of a voidable gift, but simply voids the gift upon suit brought for that purpose. Code, 40-1-4. Even had plaintiff's bill not been defective, the land of Mrs. Seigrist should not have been charged arbitrarily with the full amount of his claim. The procedure established in this jurisdiction, no fraudulent intent being shown, would require that (1) the present value of the improvement made by George be ascertained; (2) the separate value of the land also be ascertained; (3) and upon sale, if the property should not bring enough to pay in whole the two values, plaintiff and Mrs. Seigrist "should share in the proceeds ratably upon the basis of the sums so fixed." *Humphrey* v. *Spencer,* 36 W. Va. 11, 19, 14 S. E. 410, 413.

The order setting aside the decree is affirmed.

*Affirmed.*