S. F. Webber

*v.*

Otto Offhaus, *et al.*

(No. 10120)

Submitted October 3, 1950. Decided December 12, 1950.

140

*Joseph J. Madden,* for appellant.

*Arnold, Crawford & Hyer,* for appellees.

HAYMOND, JUDGE:

This suit in equity was instituted in the Circuit Court of Randolph County by the plaintiff, S. F. Webber, to enjoin the defendants, Otto Offhaus, Ralph Phillips, Hoy Phillips, George Phillips, Sr., and Earl Miller, from cutting and removing timber, and to recover damages for timber cut and removed, from land owned by the plaintiff located in that county. The defendants other than the defendant, Offhaus, resided, and were served with process, in Randolph County, and the defendant, Offhaus, a resident of Barbour County, was served with process in that county. The suit, instituted on February 8, 1946, was continued from time to time and no decree was entered until November 19, 1947. On that day the case was heard upon the verified bill of complaint of the plaintiff and evidence introduced in his behalf. None of the defendants filed an answer to the bill of complaint and none of them appeared in the case until after it was heard on November 19, 1947, at which time a decree for the plaintiff was entered. The plaintiff did not then ask for or obtain an injunction, and on November 19, 1947, on motion of the plaintiff, the court dismissed the suit as to the defendants Ralph Phillips, Hoy Phillips, George Phillips, Sr., and Earl Miller, and entered a decree in favor of the plaintiff against the defendant, Otto Offhaus, for $536.00, with interest and costs.

On February 17, 1948, the defendant, Otto Offhaus, pursuant to written notice, moved the court, under the provisions of Sections 4 and 6, Article 2, Chapter 58, Code, 1931, to set aside and reverse the decree of November 19, 1947, for errors apparent in that decree. The plaintiff

answered and denied the grounds assigned in the motion. By final decree entered March 19, 1948, the court sustained the motion of the defendant, Otto Offhaus, hereinafter sometimes referred to as the defendant, set aside and reversed the decree of November 19, 1947, dismissed the suit for lack of equitable jurisdiction, but without prejudice, and entered judgment against the plaintiff for costs. From that decree the plaintiff obtained an appeal to this Court.

The plaintiff contends, in substance, that there was no error in the decree of November 19, 1947; that the motion to reverse the decree was not authorized by any statute; that the circuit court had and retained jurisdiction in equity to entertain and determine this suit; that the circuit court had jurisdiction of the suit and did not lose such jurisdiction because no injunction was issued or because of the dismissal of the Randolph County defendants; and that the circuit court erred in setting aside and reversing the decree of November 19, 1947, and in dismissing this suit at the cost of the plaintiff by the final decree of March 19, 1948.

Before considering the questions presented by the plaintiff's assignments of error it is necessary to determine the motion of the defendant to dismiss this appeal on the ground that it has been abandoned by the plaintiff because of delay in filing the printed record. In support of the motion to dismiss, the defendant contends that the plaintiff has failed to comply with the requirements of Section 1, Rule IV of the Rules of Practice of this Court. That section of the rule provides that if the appellant or the plaintiff in error, except in cases of felony, shall fail to deposit with the clerk of this Court within three months after the case has been docketed in this Court, a sum sufficient to pay for printing the transcript of the record, or shall fail to have the transcript of the record printed and eighteen copies filed in the clerk's office within three months after the case has been docketed, the appeal or the writ of error shall be dismissed.

This appeal was granted on November 29, 1948, and on

February 26, 1949, within three months from the time it was docketed, the plaintiff deposited with the clerk of this Court the amount required to pay for printing the record. It appears from the answer filed by the plaintiff in opposition to the motion that unsuccessful compromise negotiations were carried on between the parties for several months, that after they ended the transcript was sent to the clerk and filed by him on May 16, 1950, and that on May 23, 1950, eighteen printed copies of the record were filed in his office.

The rule in question is based upon two sections, 17 and 18, Article 5, Chapter 58 of the Code, 1931, and it provides two methods for printing the record. One method, dealt with by Section 17 of the statute and the first part of the rule, is that when a sum sufficient to pay for printing the record is deposited with the clerk within three months after an appeal or a writ of error has been docketed, the clerk, not the party, is required to have the record printed. If the deposit is made within the three months' period, no limit in time is fixed by the rule or the statute for printing and filing the printed record, the responsibility for which is placed upon the clerk, and any delay upon his part may be expedited or controlled by this Court. The other method, dealt with by Section 18 of the statute and the second part of the rule, is that the party who obtains the appeal or the writ of error may himself cause the transcript of the record to be printed. If he proceeds by this method he must pay the clerk's fee for comparing the record and file eighteen printed copies in the clerk's office. The statute does not fix any time within which this must be done, but the rule provides that unless the printed copies are filed within three months after the appeal or the writ of error is docketed, the appeal or the writ of error shall be dismissed. The appeal or the writ of error is docketed, within the meaning of the statute and the rule, on the day on which the clerk receives in his office the petition bearing a notation of allowance by this Court, or a judge in vacation. *Worsham* v. *Hewlett,* 114 W. Va. 616, 173 S. E. 78.

The rule, properly interpreted, means that if the party

who obtains the appeal or the writ of error, in any case to which the rule applies, deposits with the clerk of this Court, within three months from the time the summons is issued, a sum sufficient to pay for printing the record, the record shall be printed under the supervision of the clerk and that, when the record is printed under his supervision, it may be printed and filed after three months from the time of allowance; but that, if the party does not make the deposit with the clerk and instead himself causes the record to be printed, it must be printed and filed within the three months' period. As the plaintiff and appellant deposited the sum required to pay for printing the record within the specified time, and as the subsequent delay in printing and filing the record resulted from compromise negotiations between the parties and does not indicate any intention of the plaintiff and appellant to abandon the appeal, the requirement of the rule with respect to the deposit and the printing of the record, under the supervision of the clerk, has been complied with; and the motion to dismiss the appeal must be, and it is, denied.

The statute on which the defendant bases his motion to set aside and reverse the decree of November 19, 1947, and on which he relies, Sections 4 and 6, Article 2, Chapter 58, Code, 1931, provides, in Section 4, that "The court in which there is a judgment by default, or a decree on a bill taken for confessed, or the judge of such court in vacation thereof, may, on motion, reverse such judgment or decree for any error for which an appellate court might reverse it, if section seven of this article were not enacted, and give such judgment or decree as ought to be given.", and in Section 6, that "Every motion under this article shall be after reasonable notice to the opposite party, his agent or attorney, in fact or at law, and shall be within eight months from the date of the judgment or decree, unless such judgment or decree was rendered or made before this section as amended takes effect, in which case such motion or amendment may be made within one year from the date of such judgment or de-

cree." Section 4, quoted above, is applicable only to a default judgment or a decree upon a bill of complaint which is taken for confessed. *Yost* v. *O'Brien*, 100 W. Va. 408, 130 S. E. 442. A judgment by confession after appearance can not be corrected under its provisions. *Stringer* v. *Anderson*, 23 W. Va. 482. The plaintiff insists that the decree of November 19, 1947, was not a default decree, because the case was continued from time to time by agreement of counsel representing the respective parties as set forth in the brief filed in behalf of the plaintiff. The record, however, does not disclose any such agreement or any appearance in behalf of any of the defendants. On the contrary the decree recites that the bill of complaint was "taken for confessed" as to all defendants. Although the decree also states that the court heard oral evidence offered in behalf of the plaintiff, the nature of which can not be determined because it was not reported, it is clear, from the record, that the decree was entered against the defendant by default, and that, under the statute, the defendant had the right to file his motion to reverse and set aside the decree. *Meadow River Lumber Company* v. *Smith*, 121 W. Va. 14, 1 S. E. 2d 169. A decree rendered against a defendant who has not appeared in the case is a decree by default within the meaning of the statute. *Forest* v. *Stephens*, 21 W. Va. 316. See also *State* v. *Slack*, 28 W. Va. 372; *Adamson* v. *Preece*, 20 W. Va. 59. Whether a judgment or a decree was entered by default is determined by the record, which can not be varied by an affidavit. *The Bank of Gauley* v. *Osenton*, 92 W. Va. 1, 114 S. E. 435.

The principal errors in the decree of November 19, 1947, assigned by the defendant and alleged to be apparent from the face of the record, as set forth in the propositions relied upon by him to support the final decree of March 19, 1948, according to the brief filed in his behalf, are: (1) The plaintiff, not having obtained the injunctive relief prayed for in the bill of complaint, and the court, on motion of the plaintiff, having dismissed from the suit the defendants who were residents of Ran-

dolph County, the circuit court of that county was without jurisdiction in equity to enter a decree for the recovery of money against the defendant, a resident of Barbour County, who was served with process in that county; and (2), an exhibit, not filed with the bill of complaint, although the decree stated that it had been filed, but which was actually filed on November 20, 1947, after the entry of the decree, shows that the plaintiff does not own the land in question in its entirety but owns only an undivided interest in such land.

As a bill of complaint must state a good cause for equitable relief in order to support a decree by default, *Roush* v. *Seigrist,* 119 W. Va. 712, 197 S. E. 25; *American Realty Company* v. *Lopinsky,* 101 W. Va. 742, 133 S. E. 618; *Morgan* v. *Ice,* 80 W. Va. 273, 92 S. E. 340, it is necessary to determine whether the bill of complaint of the plaintiff states a case which entitles him to relief in equity; or, as otherwise stated, whether it is sufficient to stand the test of a demurrer.

The bill of complaint alleges that the plaintiff is the owner of a tract of land of 71½ acres, more or less, situated in Randolph County, West Virginia; that the defendant, Otto Offhaus, owns a tract of land which extends along the southern line of the land of the plaintiff; that the division line between the two tracts of land is well defined; that there is valuable growing and standing timber upon the land of the plaintiff along the division line; that prior to the institution of this suit, the defendants, Ralph Phillips, Hoy Phillips, George Phillips, Sr., and Earl Miller, at the instance of the defendant, Otto Offhaus, and with his permission, began to cut and remove the timber from the tract of land owned by the plaintiff, although each of the defendants knew that the timber north of the division line was owned by the plaintiff; that the defendants will cut and remove the timber, and will remove all timber previously cut but not removed, until the land of the plaintiff is "entirely denuded" of its timber; and that the plaintiff will be deprived of its value unless the defendants are "restrained"

from such acts "by an injunction". It also avers that the defendants have cut and removed from the land of the plaintiff approximately 3,000 feet of valuable timber, and that, by reason of the wrongful acts of the defendants, the plaintiff has sustained damages of at least $800.00. The bill of complaint further states that the plaintiff is without remedy except in a court of equity, asks that an account be taken of the timber so removed, and prays for an injunction to enjoin and restrain the defendants from cutting or removing any timber and from trespassing or committing further waste or damage upon the land of the plaintiff, and for general and special relief.

It is the settled law of this State that equity has jurisdiction to enjoin the wrongful destruction, by a trespasser, of standing timber of a landowner, and that to obtain an injunction to prevent its destruction it is not necessary to allege the insolvency of the trespasser or any other circumstances which render an action at law futile or unavailing as a remedy for the resulting injury. *Pardee* v. *Camden Lumber Company*, 70 W. Va. 68, 73 S. E. 82, 43 L. R. A., N. S., 262. See also 43 C. J. S., Injunctions, Section 66; High on Injunctions, 4th Edition, Vol. I, Sections 671, 723, 724. At the time of the institution of this suit the Circuit Court of Randolph County had jurisdiction of the subject matter, the trespasses having been committed on land in that county, and of the defendants who resided in it. By statute, Section 3, Article 5, Chapter 53, Code, 1931, jurisdiction to award injunctive process is vested exclusively in the circuit court of the county in which the act sought to be enjoined is done or is to be done, even though some of the defendants may reside in another county. *Wayland Oil and Gas Company* v. *Rummel*, 78 W. Va. 196, 88 S. E. 741; *Hartley* v. *Henretta*, 35 W. Va. 222, 13 S. E. 375. "A circuit court having jurisdiction as to one defendant by reason of his residence, can acquire jurisdiction of all others resident in the State by proper service of process, whether such other defendants be natural persons or corporations." Point 1, syllabus, *Staats* v. *Co-Operative Transit Company*, 125 W. Va. 473,

24 S. E. 2d 916; *McConaughey and Company* v. *Bennett's Executors*, 50 W. Va. 172, 40 S. E. 540; Code, 1931, 56-1-1. As the Circuit Court of Randolph County had jurisdiction of the defendants who resided in that county, it acquired jurisdiction of the defendant, Otto Offhaus, by the service of process in the case upon him in Barbour County where he resided.

Neither the failure of the plaintiff to obtain an injunction nor the subsequent dismissal of the Randolph County defendants deprived the court of its jurisdiction of the cause. The decree of November 19, 1947, entered upon the hearing, states that "the Court is of the opinion that the plaintiff, S. F. Webber, is entitled to the relief prayed for in his Bill of Complaint"; and if the plaintiff had asked for an injunction at that time it is evident that a motion to that effect would have been granted. In his answer to the motion of the defendant to reverse and set aside the decree of November 19, 1947, the plaintiff states, as his reason for proceeding without an injunction, that, upon the institution of this suit, the defendants, including the defendant, Otto Offhaus, "immediately ceased the cutting and removal of said timber which they, and particularly the said Offhaus, knew was wrongful." This statement the defendant does not deny. In view of the finding of the court, as recited in the decree, it can not be said that the plaintiff was unable, or failed, to establish his right to the injunctive relief prayed for in his bill of complaint. With respect to the Randolph County defendants who were dismissed from the suit on motion of the plaintiff, it is reasonable to assume that he did not desire to prosecute, or was unable to establish, his claim against them; but the action of the court, in ordering their dismissal, did not deprive the court of the jurisdiction which it had acquired as to the defendant, Otto Offhaus.

In *Robinson* v. *Braiden*, 44 W. Va. 183, 28 S. E. 798, in point 5 of the syllabus, this Court said: "A court of equity, having properly taken jurisdiction for one purpose, may properly retain it for others that may be necessary to the final settlement of all matters involved in

the litigation between the parties growing out of, and connected with, the subject matter of the suit." In *Evans v. Kelley,* 49 W. Va. 181, 38 S. E. 497, this Court held, in point 3 of the syllabus, that "Equity having acquired jurisdiction of a cause for one purpose, although the relief sought be finally denied, any relief, legal or equitable, justified by the pleadings and tending to end litigation between the parties, will be granted." Though the correctness of this holding was questioned in the later case of *The Carlsbad Manufacturing Company* v. *Kelley,* 84 W. Va. 190, 100 S. E. 65, the *Evans* case was not expressly overruled, and point 3 of the syllabus was quoted in the still later case of *Perkins* v. *Hall,* 123 W. Va. 707, 17 S. E. 2d 795. In *Smith* v. *White,* 71 W. Va. 639, 78 S. E. 378, 48 L. R. A. (N. S.) 623, this Court said: "It is a settled principle of equity that having jurisdiction of the subject matter and the parties, it will administer complete relief to all parties. If defendant's cross-bill avers a state of facts which entitles it to relief, even though it may have an adequate remedy on account thereof in a court of law, its cross-bill answer should not have been dismissed. The chancellor evidently dismissed it because he thought equity had no jurisdiction to administer relief, for he did so without prejudice to the right of defendant to institute another suit. But it has long been the settled rule of practice, both in Virginia and in this state, that a court of equity, when once it has acquired jurisdiction of the cause of action and the parties, it will determine all questions involved, and settle the rights of all the parties, even though it should necessitate the ascertainment of unliquidated damages. *W. Va. &c. Land Co.* v. *Vinal,* 14 W. Va. 637; *Mason* v. *Bridge Co.,* 17 W. Va. 396; *Forsyth* v. *City of Wheeling,* 19 W. Va. 318; *Bettman* v. *Harness,* 42 W. Va. 433; *Hotchkiss* v. *Plaster Co.,* 41 W. Va. 357." This Court has also said: "It is undoubtedly the rule that where equity has obtained jurisdiction of a cause for any purpose it may go on to do complete justice, even though this may involve the adjudication of legal rights." *Atlantic Terra Cotta Company* v. *Moore Construction Company,*

73 W. Va. 449, 80 S. E. 924. "Under the rule that equity having assumed jurisdiction of a case may retain it to do full justice, it is proper for the court to ascertain and award the damages flowing from the wrong which is the basis of equitable relief, and where jurisdiction has been invoked to restrain the further commission of wrongful acts, damages already suffered will generally be awarded." 30 C. J. S., Equity, Section 72. "When a court of equity takes jurisdiction of a cause for one purpose, it will ordinarily dispose of the questions involved to avoid a multiplicity of suits. Point 1, syllabus, *Lay* v. *Phillips*, 116 W. Va. 60, 178 S. E. 523; *Downes* v. *Long Timber and Lumber Company*, 99 W. Va. 267, 128 S. E. 385; *Watson* v. *Watson*, 45 W. Va. 290, 31 S. E. 939; *Cecil* v. *Clark*, 44 W. Va. 659, 30 S. E. 216; *Chrislip* v. *Teter*, 43 W. Va. 356, 27 S. E. 288; *Hanley* v. *Watterson*, 39 W. Va. 214, 19 S. E. 536; *Yates* v. *Stuart's Adm'r.*, 39 W. Va. 124, 19 S. E. 423. For a detailed discussion of the rule and its application in particular instances, see *Perkins* v. *Hall*, 123 W. Va. 707, 17 S. E. 2d 795.

In *The Carlsbad Manufacturing Company* v. *Kelley*, 84 W. Va. 190, 100 S. E. 65, this Court held, in point 4 of the syllabus, that "Generally where a court of equity has once obtained jurisdiction of a cause, it will retain it for all purposes and administer complete relief. But in order to authorize relief obtainable in an action at law, some substantial ground must exist to confer equitable jurisdiction, and if the pleadings or proof fail to establish a basis for such relief, a court of equity is without jurisdiction to award other relief by way of recovery upon a purely legal demand, unless it appears that the remedy at law is inadequate." The holding in point 3 of the syllabus in *Wyoming Coal Sales Company* v. *Smith-Pocahontas Coal Company*, 105 W. Va. 610, 144 S. E. 410, 62 A. L. R. 740, is that "The rule that equity will retain jurisdiction once assumed, and dispose of all matters in litigation is limited to cases where that jurisdiction has been rightfully invoked. An equitable right must be both

averred and proved before a purely legal right will be adjudicated by a court of chancery." In *White* v. *Kelly,* 85 W. Va. 366, 101 S. E. 724, 26 A. L. R. 462, a suit to reform a written lease, the opinion contains this language: "As equity has jurisdiction to reform the lease on the showing made by the bill, on well recognized rules it may go on and do complete justice by also decreeing to plaintiff relief by way of damages for the breach or breaches of defendant's covenants, * * *." In 19 Am. Jur., Equity, Section 127, the text, in part, is: "The rule is that equity will not enter a partial or incomplete decree. Having taken cognizance of a cause for any purpose, a court of equity will ordinarily retain jurisdiction for all purposes; decide all issues which are involved by the subject matter of the dispute between the litigants; award relief which is complete and finally disposes of the litigation so as to make performance of the court's decree perfectly safe to those who may be compelled to obey it; accomplish full justice between the parties litigant; and prevent future litigation." See also *Shipley* v. *Browning,* 114 W. Va. 409, 172 S. E. 149, 91 A. L. R. 643; *Smith* v. *Root,* 66 W. Va. 633, 66 S. E. 1005, 30 L. R. A. (N. S.) 176; *Whitehouse* v. *Jones,* 60 W. Va. 680, 55 S. E. 730, 12 L. R. A. (N. S.) 49; *Waldron* v. *Harvey,* 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; *Williamson* v. *Jones,* 43 W. Va. 562, 27 S. E. 411, 38 L. R. A. 694, 64 Am. St. Rep. 891; *Bettman* v. *Harness,* 42 W. Va. 433, 26 S. E. 271, 36 L. R. A. 566.

In 19 Am. Jur., Equity, Section 126, this language appears: "The court is not ousted of jurisdiction by reason of a change of circumstances which has made impossible the granting of equitable relief. * * *. Again, where the only reason for not granting an injunction is that pending the suit the complainant's lease has expired, the complainant will not be turned out of court, but the bill will be retained for the assessment of damages." See *Winchester* v. *O'Brien,* 266 Mass. 33, 164 N. E. 807, 64 A. L. R. 895; *Rooney* v. *Weeks,* 290 Mass. 18, 194 N. E. 666; 7

Michie's Jurisprudence, Equity, Section 6. "The test of the jurisdiction of a court of equity is whether facts exist at the time of the commencement of the action sufficient to confer jurisdiction on the court. If plaintiff is then entitled to the aid of equity the jurisdiction will not be defeated by subsequent events which render equitable relief unnecessary or improper, or where plaintiff has established his equity but the need for equitable relief has ceased pending suit or has become impossible, as distinguished from improper." 30 C. J. S., Equity, Section 74. Of course, if a plaintiff, not acting in good faith, invokes the jurisdiction of a court of equity for the purpose of transferring the cause from a legal to an equitable forum by false pretense or colorable design, jurisdiction of the cause will not be exercised or retained by such court, 30 C. J. S., Equity, Section 74, 7 Michie's Jurisprudence, Equity, Section 6; but that situation is not shown to exist in the case at bar.

Under the principles stated in the cited cases and texts, the Circuit Court of Randolph County, having rightfully acquired equitable jurisdiction of this suit, retained such jurisdiction to grant relief by way of recovery upon the purely legal demand of the plaintiff for damages which resulted from the acts of the defendant, Otto Offhaus, in cutting the timber of the plaintiff and in removing it from his land, even though an injunction, being unnecessary, was not awarded, and even though the defendants residing in Randolph County were dismissed. The plaintiff did not fail, either by averment or by proof, to establish his right to equitable relief by injunction but, on the contrary, upon the allegations of his bill of complaint, which was taken for confessed as to the defendant, Otto Offhaus, and the oral evidence adduced in court, the court found and the decree recited that he was entitled to the relief prayed for in his bill of complaint.

The second ground to sustain the final decree of March 19, 1948, relied on by the defendant, that the exhibit not filed with the bill of complaint, but actually filed after

the entry of the decree of November 19, 1947, shows that the plaintiff owns only an undivided fifteen sixteenths interest in the land involved and does not own the land in its entirety, is not well founded. Though an exhibit, the contents of which contradict the allegations of a pleading with which it is filed as a part of such pleading, controls such allegations, *Gleason* v. *Thomas,* 117 W. Va. 550, 186 S. E. 304; *Caswell* v. *Caswell,* 84 W. Va. 575, 100 S. E. 482; *Freeman* v. *Carnegie Natural Gas Company,* 74 W. Va. 83, 81 S. E. 572; *Board of Education* v. *Berry,* 62 W. Va. 433, 59 S. E. 169, the deed referred to in the bill of complaint of the plaintiff as an exhibit was not filed with it. The filing of the purported exhibit, after the entry of the decree of November 19, 1947, did not control or impair the allegations of the bill of complaint or affect the decree, which was based and rendered upon the allegations set forth in the bill of complaint and the oral evidence introduced by the plaintiff.

As no error appears in the decree of November 19, 1947, for which an appellate court might reverse it under Section 4, Article 2, Chapter 58, Code, 1931, the circuit court should have denied the motion of the defendant to reverse and set it aside, and the action of the court in entering the decree of March 19, 1948, constituted reversible error.

The decree of March 19, 1948, is reversed and set aside, and this cause is remanded to the circuit court with directions to reinstate the decree entered by that court on November 19, 1947.

*Reversed and remanded*
*with directions.*